THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES, Appellant, v. KARL H. KIFFE, Respondent.

No. 16169

December 11, 1985 709 P.2d 1017

*Brian McKay,* Attorney General, and *Paul L. Wilkin,* Deputy Attorney General, Carson City, for Appellant.

*John G. Watkins,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of the district court reversing the revocation of respondent's driver's license by the Nevada Department of Motor Vehicles.

On December 17, 1983, Police Officer Wall was dispatched to assist Police Officer Davis. Upon Officer Wall's arrival at the scene, Officer Davis informed him that he had observed respondent Kiffe driving his vehicle in an erratic fashion. When Officer Wall arrived at the scene, however, Kiffe was outside of his vehicle. Officer Wall therefore had no personal knowledge that Kiffe had been driving a vehicle.

After observing Kiffe and administering the usual field sobriety tests, Officer Wall placed Kiffe under arrest for driving while intoxicated, pursuant to NRS 484.382(3), and transported him to the Clark County Jail. Officer Wall then read to Kiffe the Nevada Implied Consent Law, whereupon Kiffe refused to submit to any

evidentiary tests of the alcoholic content of his blood.[1] Consequently, Kiffe's driver's license was seized, and ultimately revoked pursuant to NRS 484.385. *See also* NRS 484.384.

Thereafter, Kiffe sought a hearing before the Department of Motor Vehicles pursuant to NRS 484.387(1), requesting a review of the Department's order of revocation.[2] At the hearing, the only witness for the Department was Officer Wall. Over Kiffe's objection, Officer Wall testified as to the aforementioned facts, including the information provided to him by Officer Davis. Based upon Officer Wall's testimony, the hearing officer affirmed the revocation of Kiffe's license. The hearing officer found that "a police officer had reasonable grounds to believe [Kiffe] was driving or in actual physical control of a vehicle . . . while under the influence of intoxicating liquor."

Kiffe then petitioned the district court for judicial review of the hearing officer's decision. The district court reversed the decision on the ground that the hearsay statements of Officer Davis, although admissible, were not sufficiently probative to sustain the findings of the hearing officer. The Department now appeals from the judgment of the district court.

The Department is required by NRS 484.384(1) to revoke the driver's license of any person who fails to submit to an evidentiary test when directed by a police officer pursuant to NRS 484.383. Under NRS 484.383(1), a police officer may direct a person to take an evidentiary test for the purpose of determining the alcohol content of his blood, when the police officer has

---

[1]NRS 484.383 provides in pertinent part:

1. Except as provided in subsections 4 and 5, any person who drives or is in actual physical control of a vehicle on a highway or on premises to which the public has access shall be deemed to have given his consent to an evidentiary test of his blood, urine, breath or other bodily substance for the purpose of determining the alcoholic content of his blood or the presence of a controlled substance when such a test is administered at the direction of a police officer having reasonable grounds to believe that the person to be tested was driving or in actual physical control of a vehicle while under the influence of intoxicating liquor or a controlled substance.

2. The person to be tested must be informed that his failure to submit to the test will result in the revocation of his privilege to drive a vehicle.

[2]NRS 484.387(1) provides in pertinent part:

At any time while a person is not eligible for a license, permit or privilege to drive following an order of revocation issued pursuant to NRS 484.385, he may request in writing a hearing by the department to review the order of revocation, but he is only entitled to one hearing.

"reasonable grounds to believe that the person to be tested was driving or in actual physical control of a vehicle while under the influence of intoxicating liquor." A person whose license has been revoked may seek a hearing before the Department to review the order of revocation, but the scope of the hearing "must be limited to the issue [of] whether or not the person failed to submit to a test or had 0.10 percent or more by weight of alcohol in his blood at the time of the test." NRS 484.387(2). Nevertheless, we recognize, and the Department acknowledges, that *Kiffe* was entitled to challenge at his revocation hearing the grounds upon which he was directed to submit to the test.

The central issue in this appeal is thus whether Officer Wall's testimony, in part consisting of the hearsay statements made by Officer Davis at the scene, constituted substantial evidence supporting the hearing officer's determination that Kiffe was properly directed to submit to a test and refused to do so. "Evidence may be admitted [in administrative proceedings], except where precluded by statute, if it is of a type commonly relied upon by reasonable and prudent men in the conduct of their affairs." NRS 233B.123(1). Respondent contends that the statements made by Officer Davis were inadmissible hearsay, and thus were "precluded by statute" under NRS 51.065, the statute precluding the admission of hearsay evidence.

The general exception to the hearsay rule, NRS 51.075(1), provides:

> A statement is not excluded by the hearsay rule if its nature and the special circumstances under which it was made offer assurances of accuracy not likely to be enhanced by calling the declarant as a witness, even though he is available.

The circumstances under which Officer Davis's statements were made offer assurances of accuracy not likely to be enhanced by calling him as a witness. Officer Wall was dispatched to assist Officer Davis. When Officer Wall arrived at the parking lot where Officer Davis had stopped Kiffe, Kiffe's vehicle was parked nearby. The fact that Officer Wall observed Kiffe close to his car in a parking lot corroborates the information conveyed to Officer Wall by Officer Davis. Under these circumstances, Officer Davis's statements were admissible in the administrative proceeding, pursuant to NRS 51.075(1), for the purpose of showing that Kiffe was driving a vehicle while under the influence of intoxicating liquor. *Cf.* Biegler v. Nevada Real Est. Div., 95 Nev. 691, 601 P.2d 419 (1979) (evidence consisting of hearsay statements in

a letter and in a "statement of fact" prepared for the hearing, could not, without corroboration, support the suspension of a real estate broker's license). Furthermore, under these circumstances, the evidence consisting of Officer Davis's statements is of the type commonly relied upon by reasonable and prudent persons in the conduct of their affairs. *See* NRS 233B.123(1).

Therefore, the hearing officer's determination that Kiffe's license should be revoked was supported by substantial evidence on the record presented. Consequently, the district court erred by substituting its judgment for that of the hearing officer on a question of fact. *See* NRS 233B.140(5); State Dep't Mtr. Veh. v. Jenkins, 99 Nev. 460, 663 P.2d 1186 (1983).

The Department has also challenged the district court's determination that "driving or being in actual physical control of a vehicle" is an element which must be proved at the hearing before a license may be revoked. The Department contends that it need show only that a police officer had "*reasonable grounds* to believe that the person to be tested was driving or in actual physical control of a vehicle," under NRS 484.383(1) (emphasis added). We have concluded, however, that the testimony of Officer Wall constituted substantial evidence supporting revocation of Kiffe's license under either standard and, therefore, we consider it unnecessary to resolve this issue.

Accordingly, we reverse the judgment of the district court and we remand with instructions that the district court reinstate the decision of the Department's hearing officer.