THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES, APPELLANT, v. FRANK TORRES, RESPONDENT.

No. 18718

September 28, 1989                    779 P.2d 959

*Brian McKay,* Attorney General, and *Cheryl A. Lau,* Deputy Attorney General, Carson City, for Appellant.

*Calvin R.X. Dunlap,* Reno, for Respondent.

---

[3]The Honorable Mario G. Recanzone, Judge of the Third Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE JOHN C. MOWBRAY, Justice. Nev. Const. art. 6, § 4.

## OPINION

*Per Curiam:*

On August 9, 1986, at approximately 3:26 a.m., Officer Timothy M. Dees of the Reno Police Department was dispatched to a Naugles restaurant on Silverado Boulevard in Reno, in response to a report of a man "passed out" at the wheel of a vehicle in the drive through lane of the restaurant. Upon arriving at the restaurant, the officer observed a Chevrolet Blazer in the drive through lane of the restaurant, one vehicle length short of the order window. The vehicle was blocking access to the order window.

Officer Dees approached the drivers side of the vehicle and looked inside. He saw a man in the driver's seat, slumped sideways so that his body was partially on the passenger seat. The man was identified as respondent Frank Torres. The engine was not running, but the keys were in the ignition switch and the switch was in the "on" position. The officer took the keys out of the ignition and called to Torres to wake him up. After receiving no response, Officer Dees awakened Torres by shaking him. The officer asked Torres to produce his drivers license and to step out of the vehicle. At this time Torres identified himself as an officer with the Sparks Police Department. As Torres stepped out of his vehicle he stumbled and leaned against the vehicle for balance. Torres had a strong odor of intoxicants on his breath and his eyes were extremely red and watery. Officer Dees placed Torres under arrest for driving under the influence of intoxicating liquor (DUI). Torres agreed to take a chemical intoxication test, and Officer Dees did not ask him to perform a field sobriety test. Officer Dees advised Torres of the Nevada implied consent admonition. A breath test was administered and resulted in alcohol

level readings of 0.14 and 0.15 percent. Torres was served with a notice of revocation of his drivers license.

Following an administrative hearing, a hearing officer of the Department of Motor Vehicles and Public Safety upheld the revocation of Torres' drivers license. Torres petitioned for judicial review. The district court reversed the hearing officer's decision, and this appeal followed. The district court found that there was no probable cause for Torres' arrest on a charge of DUI and that Torres was not in actual physical control of his vehicle within the meaning of the DUI statute.[1] We disagree.

Under the circumstances, Officer Dees had reasonable grounds to believe that Torres was under the influence of intoxicating liquor and in actual physical control of his vehicle, and that Torres had driven into the drive up lane of the restaurant while under the influence. Therefore, Officer Dees could direct Torres to submit to a chemical intoxication test without conducting a field sobriety test. *See* NRS 484.383(1).

The hearing officer found that Officer Dees had reasonable grounds to believe that Torres was driving or in actual physical control of his vehicle on a highway or on premises to which the public has access, that Torres had 0.10 percent or more by weight of alcohol in his blood, and that Torres' drivers license should be revoked. The hearing officer's findings are supported by substantial evidence on the record presented. The district court erred in disturbing an agency's factual determination that is supported by substantial evidence. *See* State Dept. Mtr. Veh. v. Kiffe, 101 Nev. 729, 733, 709 P.2d 1017, 1020 (1985).

In reversing the hearing officer, the district court also found as a matter of law that the hearing officer erroneously applied the statutory provisions proscribing driving or being "in actual physical control" of a vehicle while intoxicated to the facts of this case. *See* NRS 484.383(1). This court has previously held that "[w]hile it is true that the district court is free to decide pure legal questions without deference to an agency determination, the

---

[1] We note that the district court applied an incorrect standard in reaching its conclusions. NRS 484.383(1) provides that a police officer may direct the administration of a chemical test to determine the percentage of alcohol in the blood of the person to be tested if the officer has "reasonable grounds to believe that the person to be tested was driving or in actual physical control of a vehicle while under the influence of intoxicating liquor or a controlled substance." It is not necessary under this statute that probable cause for an arrest on a charge of DUI be demonstrated.

agency's conclusions of law, which will necessarily be closely related to the agency's view of the facts, are entitled to deference, and will not be disturbed if they are supported by substantial evidence." Jones v. Rosner, 102 Nev. 215, 217, 719 P.2d 805, 806 (1985). *See also* NRS 233B.140(5); NRS 484.387(3).

We have previously explained that a person is in actual physical control of a vehicle under NRS 484.379(1) "when the person has existing or present bodily restraint, directing influence, domination, or regulation of the vehicle." Rogers v. State, 105 Nev. 230, 773 P.2d 1226 (1989). In making such a determination,

> the trier of fact must weigh a number of considerations, including where, and in what position, the person is found in the vehicle; whether the vehicle's engine is running or not; whether the occupant is awake or asleep; whether, if the person is apprehended at night, the vehicle's lights are on; the location of the vehicle's keys; whether the person was trying to move the vehicle or moved the vehicle; whether the property on which the vehicle is located is public or private; and whether the person must, of necessity, have driven to the location where apprehended.

*Id.* at 230, 233 P.2d at 1228.

Torres was lying partially on the passenger seat of his vehicle. The key was in the ignition switch, in the "on" position. Most importantly, Torres was discovered asleep in a vehicle in the drive through lane of a restaurant that was open for business. Vehicles ordinarily are not parked or left stationary for extended periods of time in drive through lanes. Upon being confronted, Torres did not deny having driven the vehicle into the drive through lane. Furthermore, it seems likely that Torres would have driven away in his intoxicated condition, had he not fallen asleep and been apprehended.

Under these circumstances, we conclude that the hearing officer's determination that Torres was in actual physical control of his vehicle within the meaning of the DUI statute is supported by substantial evidence. Further, the hearing officer's finding is not affected by any error of law. *Compare Rogers,* 105 Nev. at 230, 234 P.2d at 1228 (person found asleep in drivers seat of a car parked alongside and partially on a highway held in actual physical control of the vehicle) *with* Bullock v. State, Dep't Motor Vehicles, 105 Nev. 326, 775 P.2d 225, (1989) (person found asleep in the drivers seat of a vehicle parked in a parking lot who testified that he had not driven the vehicle after consuming intoxicating liquor in a nearby tavern held not in actual physical control of the vehicle). *See also* Isom v. State, 105 Nev. 391, 776 P.2d 543 (1989). Therefore, the district court erred in substitut-

ing its judgment for that of · the hearing officer. *See* NRS 233B.140(5); *Kiffe*, 101 Nev. at 733, 709 P.2d at 1020. Accordingly, we reverse the decision of the district court and reinstate the decision of the hearing officer.