STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, Appellant, *v.* FRANK A. TILP, Respondent.

21435

April 30, 1991 810 P.2d 771

*Frankie Sue Del Papa,* Attorney General, Carson City; *Grenville T. Pridham,* Deputy Attorney General, Las Vegas, for Appellant.

*John G. Watkins,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

### THE FACTS

On January 30, 1989, at approximately five o'clock in the afternoon, a police officer named Tracy McDonald was asked to investigate a motor vehicle accident that occurred near Maryland Parkway in Las Vegas, Nevada. As Officer McDonald approached the accident scene, he met a Clark County fireman named Joe Plank who was attending a separate and unrelated accident in the vicinity. Fireman Plank told Officer McDonald that he and two individuals had stopped a pickup truck after the truck collided with an automobile.

Officer McDonald then proceeded to a nearby restaurant where he met several individuals, including the respondent, Frank Tilp. After Tilp was identified as the driver of the pickup truck, Officer McDonald turned to Tilp and asked him what had happened. Tilp said he had backed his truck out of a parking space in a rear alley by the restaurant and was driving it onto a street when several individuals stopped him and made him exit from the vehicle. Tilp also said he had been drinking. As Tilp talked, Officer McDonald noticed the smell of alcohol on Tilp's breath. Tilp was given five sobriety tests. He was unable to complete any of the tests, and he was arrested.

Tilp was taken to the Clark County Detention Center and was given his *Miranda* and implied consent warnings. He acknowledged the warnings and agreed to a blood test. An analysis of his blood showed it contained 0.24 percent by weight of alcohol. Therefore, an officer's certificate of cause was filed by Officer McDonald revoking Tilp's driving privileges in the State of Nevada. *See* NRS 484.384(3); NRS 484.385.

Tilp requested an administrative hearing to review the revocation of his driving privileges. *See* NRS 484.385. The hearing was held on March 27, 1989. After considering the evidence presented, the hearing officer concluded that Officer McDonald had reasonable grounds to believe Tilp was driving a motor vehicle while under the influence of an intoxicating substance and upheld the revocation of Tilp's license. Thereafter, a petition for judicial review was filed with the district court, and oral arguments were heard on February 28, 1990.

Without explanation, the district court judge granted Tilp's petition for judicial review and reinstated his driving privileges. The State of Nevada Department of Motor Vehicles and Public Safety ("Department of Motor Vehicles") appeals from the district court order.

## THE BLOOD TEST RESULTS

At Tilp's administrative hearing, the Department of Motor Vehicles submitted an affidavit from David P. Welch, an expert witness qualified to analyze the presence and amount of alcohol in a sample of blood. This affidavit contained the results of Tilp's blood-alcohol test results. Tilp argues the hearing officer should not have received the affidavit, and the blood test results contained in the affidavit, as evidence. Further, Tilp reasons that without the affidavit, there was insubstantial evidence to support a finding that Tilp had alcohol in his bloodstream when he was arrested by Officer McDonald.

### A.

First, Tilp argues that the hearing officer was precluded from considering the blood-alcohol test results contained in the affidavit because there was no evidence submitted to the officer to show that the device used to analyze Tilp's blood sample was properly calibrated prior to testing. In support of this argument, Tilp cites NRS 484.389(4), which says:

> Evidence of a required test is not admissible in a criminal or administrative proceeding unless it is shown by documentary or other evidence that the law enforcement agency calibrated the testing device and otherwise maintained it *as required by the regulations of the committee on testing for intoxication.*

(Emphasis added.) We disagree with Tilp's assessment of this issue.

While the committee on testing for intoxication has established calibration regulations for breath testing devices (*see, e.g.,* NAC 484.680), it has not established similar regulations for the maintenance or calibration of equipment used to test the alcohol content in a sample of blood. *See generally* Chapter 484 of the Nevada Administrative Code. Therefore, since Tilp's blood-alcohol test was performed upon a blood sample, and the Department of Motor Vehicles cannot be expected to demonstrate compliance with nonexistent regulations, NRS 484.389(4) does not bar the admission of Tilp's blood test results.

B.

Tilp persists, however, by asserting that his blood-alcohol test violated his right to equal protection under the law. Tilp reasons he was treated inequitably because, while the committee on testing for intoxication is statutorily required to establish regulations for the calibration of devices used to test blood-alcohol content by a breath sample, the committee is not required to adopt similar regulations for a blood-alcohol test performed upon a sample of blood. *See* NRS 484.3884. Tilp argues an appropriate sanction for this alleged injustice is the exclusion of his blood test results. We disagree.

"No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The United States Supreme Court has interpreted this clause and has ruled that "[u]nless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, [the United States Supreme Court's] decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest." City of New Orleans v. Dukes, 427 U.S. 299, 301 (1976).

Mandating special regulations for a blood-alcohol test performed upon a breath sample does not trammel a fundamental personal right or discriminate based upon race, religion, or alienage. Further, the legislative decision to require special calibration procedures for breath testing devices is rationally related to a legitimate state interest founded upon the circumstances surrounding the breath test.[1] Therefore, we reject Tilp's contention that he was denied equal protection of the law.

C.

Finally, Tilp argues the affidavit containing his blood test results should not have been considered by the administrative hearing officer because this affidavit did not include "full information" regarding the device used to test Tilp's blood sample. Tilp requested, in a certified letter to the Department of Motor

---

[1]The breath test is given by law enforcement officers who must complete a four hour breath test certification program to administer the test (*see* NAC 484.640) but who are not necessarily qualified to calibrate the device used in the test. *See* NAC 484.660; NAC 484.620. On the other hand, the blood sample analysis is a reliable test (*see* State v. Hall, 105 Nev. 7, 9-10, 768 P.2d 349, 350 (1989)) administered by persons who must qualify as experts before their analysis of a blood sample can be admitted, by affidavit, into evidence. *See* NRS 50.315.

Vehicles, certain information regarding the device used to test his blood.

In general, a person charged with driving under the influence of an intoxicating liquor "is entitled to receive 'full information' regarding the machine used to test his blood samples and is entitled to inspect the machine. *See* NRS 484.389(3)." State v. Hall, 105 Nev. 7, 10, 768 P.2d 349, 350 (1989). However, Tilp's blood test was performed by a Las Vegas Metropolitan Police Department ("LVMPD") employee. Therefore, if Tilp or his attorney desired "full information" regarding the blood analysis, this information should have been acquired from LVMPD with a subpoena duces tecum prior to the administrative hearing. We conclude that NRS 484.389(3) does not require the Department of Motor Vehicles to secure this information from LVMPD on Tilp's behalf. *Cf.* State, Dep't of Mtr. Vehicles v. Clements, 106 Nev. 516, 519, 796 P.2d 588, 590 (1990) (if a party wants an original report, he can request the report from the police agency through a subpoena duces tecum prior to an administrative hearing). We reject respondent's contentions to the contrary.

## OPERATION OF A VEHICLE

Officer McDonald—the only witness who testified at the administrative hearing—did not see Tilp drive his truck in the parking lot of the restaurant. Therefore, Tilp argues there was insufficient evidence submitted at the hearing to support a conclusion that Tilp had *driven a motor vehicle* while under the influence of an intoxicating beverage or drug.

However, as previously discussed in the fact scenario, shortly after witnesses summoned Officer McDonald to the scene of the accident, Officer McDonald turned to Tilp and asked him what had happened.[2] Tilp then responded with an *admission* that he had driven his truck out of a parking space and into the street where several individuals stopped him. This admission would constitute sufficient evidence to support the hearing officer's conclusion that Tilp had driven a motor vehicle on the evening in question.

---

[2]Pursuant to the prohibition against hearsay evidence, Tilp argues Officer McDonald should not have been allowed to tell the hearing officer that he was summoned to the area because other individuals had seen respondent drive his car into another automobile. *See* NRS 51.035; NRS 51.065. However, we conclude the officer's testimony that witnesses had reported an accident was properly allowed by the hearing officer, not as proof that Tilp had driven his car, but to indicate why the officer was investigating an accident.

However, Tilp argues his admission cannot be considered as evidence because he was not *Mirandized* prior to the admission. *See* Miranda v. Arizona, 384 U.S. 436 (1966). This argument is incorrect. A Department of Motor Vehicle license revocation hearing is a civil proceeding, and a defendant's statement made without a *Miranda* warning is admissible at such a proceeding. *See* State, Dep't of Mtr. Vehicles v. McLeod, 106 Nev. 852, 854-855, 801 P.2d 1390, 1392 (1990). *Miranda* warnings were not required in this case.

## CONCLUSION

In sum, there was sufficient and properly accepted evidence produced at the administrative hearing to support the revocation of Tilp's license to drive. Therefore, having concluded that all of the arguments submitted by the respondent in this appeal are without merit, we reverse the order of the district court and affirm the decision of the hearing officer.