PAMELA BEAVERS, Appellant, *v.* THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, Respondent.

No. 22421

April 27, 1993                                   851 P.2d 432

[Rehearing denied July 7, 1993]

*John G. Watkins,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, and *Andres R. Rappard,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court affirming the Department of Motor Vehicles' revocation of appellant's driving privilege.

On August 30, 1990, a Nevada Highway Patrol Trooper observed a pickup truck weaving within the vehicle's travel lane. The trooper executed a traffic stop and contacted the driver, appellant Pamela Beavers. There was an odor of alcoholic beverage on appellant's breath and person. Appellant's eyes were watery and bloodshot. The trooper conducted a series of field sobriety tests which appellant failed. Appellant was arrested for driving under the influence of alcohol and advised of the Nevada Implied Consent Law. *See* NRS 484.383.

Appellant elected to take an evidentiary breath test. Appellant's test was conducted by a certified operator on a machine approved by the Committee on Testing for Intoxication which had been calibrated within the required period. The test results indicated that appellant had a blood alcohol concentration of 0.15 percent by weight. Appellant was served with a notice of license revocation pursuant to NRS 484.385. Appellant timely sought administrative review of the revocation of her driving privileges.

An administrative hearing was held on October 17, 1990, before a hearing officer of the Department of Motor Vehicles and Public Safety (DMV). The DMV hearing officer affirmed the order revoking appellant's driving privileges. Appellant thereaf-

ter petitioned the district court for review of the administrative decision. On May 31, 1991, the district court entered an order affirming the revocation. This appeal followed.

When reviewing the decision of an administrative agency, a court is limited to the agency record, and may not substitute its judgment for that of the agency as to the weight of evidence on questions of fact. NRS 233B.135. A reviewing court may reverse the decision of an administrative agency if substantial rights of the appellant have been prejudiced by legal error or an abuse of discretion. *Id.* Although a reviewing court is free to decide pure legal questions[1] without deference to an agency determination, the agency's conclusions of law, which will necessarily be closely related to the agency's view of the facts, are entitled to deference, and will not be disturbed if they are supported by substantial evidence. State, Dep't of Motor Vehicles v. Torres, 105 Nev. 558, 560-61, 779 P.2d 959, 961 (1989). Substantial evidence is evidence which a reasonable person might accept as adequate to support a conclusion. State, Dep't of Mtr. Vehicles v. Becksted, 107 Nev. 456, 458, 813 P.2d 995, 997 (1991).

Appellant contends that her breath test results were inadmissible because the arresting officer did not have specific and articulable facts that a crime was being committed so as to justify his investigatory traffic stop of appellant. *See* Terry v. Ohio, 392 U.S. 1 (1968). We disagree.

First, whether the initial traffic stop was lawful is irrelevant in a DMV license revocation proceeding. A DMV license revocation hearing is a civil proceeding, not a criminal prosecution. The objective of administrative revocation of a driver's license is not to impose additional punishment, but to protect the unsuspecting public from irresponsible drivers. *See* State, Dep't of Mtr. Vehicles v. McLeod, 106 Nev. 852, 801 P.2d 1390 (1990) (statements made to officer without *Miranda* warnings admissible in license revocation proceedings).

Second, the scope of a DMV hearing to review an order of revocation pursuant to NRS 484.385 is limited to the issues of whether the person failed to submit to an evidentiary test or had 0.10 percent or more by weight of alcohol in her blood at the time of the test. *See* NRS 484.387(2); State Dept. Mtr. Veh. v. Kiffe,

[1]A "pure legal question" is a question that is not dependent upon, and must necessarily be resolved without reference to any fact in the case before the court. An example of a pure legal question might be a challenge to the facial validity of a statute.

101 Nev. 729, 709 P.2d 1017 (1985). A person may also challenge whether the police officer who directed the person to submit to an evidentiary test had reasonable grounds, at the time the officer directed the evidentiary test, to believe that the person had been driving or in actual physical control of a vehicle while under the influence of alcohol. *See* NRS 484.383(1); State, Dep't of Motor Vehicles v. Torres, 105 Nev. 558, 779 P.2d 959 (1989); *Kiffe,* 101 Nev. 729, 709 P.2d 1017 (1985). Whether an investigatory traffic stop is lawful is therefore outside the statutory scope of a license revocation hearing conducted by the DMV.

Appellant next contends that evidence of her breath test was inadmissible because the state did not show that the testing device was maintained as required by the regulations of the Committee on Testing for Intoxication. *See* NRS 484.389(4).[2] Specifically, appellant contends that the state was required to introduce the repair and maintenance records for the testing device. *See* NAC 484.680(2)(c) and 484.690.[3] We disagree.

In a license revocation proceeding, the state is not required to introduce evidence that a breath-testing device is properly main-

---

[2]NRS 484.389(4) provides that:

> Evidence of a required test is not admissible in a criminal or administrative proceeding unless it is shown by documentary or other evidence that the law enforcement agency calibrated the testing device and otherwise maintained it as required by the regulations of the committee on testing for intoxication.

[3]NAC 484.680 provides in part that:

> 2. The operator, forensic analyst of alcohol or person who maintains or repairs the device shall enter into the record, at or near the time of his activity, for the:
>
> . . . .
>
> (c) Maintenance or repair of the device:
> (1) The date and time of the maintenance or repair;
> (2) The name of the person performing the maintenance or repair; and
> (3) The nature and extent of the maintenance or repair.

NAC 484.690 provides that:

> 1. Each forensic analyst of alcohol who calibrates evidential breath-testing devices shall keep in the ordinary course of his business a chronological record for each device upon which he performs calibrations.
> 2. The analyst shall enter into his record, at or near the time he calibrates a device:
> (a) The date and time of the calibration;
> (b) The analyst's name;
> (c) The response and accuracy of the device for each test of calibration which is performed; and
> (d) The nature and extent of any maintenance or repair which he performs on the device.

440

tained; appellant bears the burden of establishing at the hearing that the machine was improperly maintained. *See* State, Dep't of Mtr. Vehicles v. Rowland, 107 Nev. 475, 814 P.2d 80 (1991). Appellant failed to meet her burden because she offered no evidence at the hearing to prove that the machine was not properly maintained. Further, appellant made no showing that she unsuccessfully tried to inspect or obtain information about the machine. If appellant desired "full information" regarding the breath machine, the information should have been acquired from the arresting agency by a subpoena duces tecum prior to the administrative hearing. *See* State, Dep't of Mtr. Vehicles v. Tilp, 107 Nev. 288, 810 P.2d 771 (1991); NRS 484.389(3).

Appellant further contends that her breath test results were inadmissible because the breath machine operator did not wait fifteen minutes before testing appellant after removing gum from appellant's mouth, and that the testing officer should have rinsed out appellant's mouth after removing the gum. We disagree. The record contains substantial evidence to support the DMV hearing officer's decision. The testing officer completed a "VERAX 'BAC VERIFIER' CHECK LIST" pursuant to NAC 484.670. The checklist indicates that the start time was 12:50 a.m. The second instruction on the checklist is to check the subject's mouth for foreign objects, such as gum, and to have the subject remove the object and rinse the mouth with water. The third instruction on the checklist is to observe the subject for fifteen minutes. Both of these instructions were marked as completed by the officer and the officer also noted that the observation period was satisfactorily completed. The breath test results indicate that the test started at 1:07 a.m., seventeen minutes after the start time on the checklist. There is substantial evidence in the record to support a finding that appellant's gum was removed immediately after 12:50 a.m., that appellant's mouth was rinsed, and that fifteen minutes of observation followed the removal of the gum prior to beginning the breath test.

Appellant next contends that the breath test results were inadmissible pursuant to NRS 484.389(4) because the testing officer did not comply with NAC 484.670(2)(b) requiring calibration of the breath machine with "alcohol free air."[4] We disagree. There

---

[4]NAC 484.670(2) requires that the certified operator of an evidential breath-testing device:

Immediately before performing the evidentiary test of the person's breath, shall verify the calibration of the device by testing it using both:
(a) An aqueous solution which is certified to contain a specific

is substantial evidence in the record to support a conclusion by the hearing officer that the testing officer complied with NAC 484.670(2)(b). In particular, the testing officer testified that he followed the appropriate checklist for the operation of the breath testing device, and that the machine printed out the breath test results immediately following the conclusion of appellant's test. The breath machine printout indicates that the machine measured a sample of blank air before appellant was tested and that the blank air sample contained 0.00% alcohol. Further, appellant offered no evidence that the ambient air was not "alcohol free."

Finally, appellant contends that she was denied due process of law because the DMV hearing officer's written decision was limited to whether the officer had reasonable grounds to believe that appellant was driving a vehicle while under the influence of liquor or a controlled substance, and whether at the time of the evidentiary test she had 0.10% or more of alcohol in her blood. Specifically, appellant contends that the hearing was not "full and fair" because the findings of fact and conclusions of law do not "clearly resolve all the crucial issues presented" in sufficient detail to permit judicial review. *See* Revert v. Ray, 95 Nev. 782, 787, 603 P.2d 262, 264-65 (1979). For the reasons discussed above, this contention lacks merit. The "crucial issues" relevant to a DMV revocation hearing are: (1) whether a person refused to submit to an evidentiary test or had 0.10% by weight of alcohol in her blood at the time of the test, and, if challenged, (2) whether the officer had reasonable grounds to direct the person to submit to an evidentiary test. *See* State Dept. Mtr. Veh. v. Kiffe, 101 Nev. 729, 709 P.2d 1017 (1985). Appellant's contentions regarding (1) the lawfulness of the stop, (2) whether appellant's gum was removed in a timely manner, and (3) whether "alcohol free air" was used during the breath machine's blank air tests are not "crucial issues" in a DMV license revocation hearing. Appellant's right to due process was therefore not violated by the failure of the hearing officer to resolve appellant's "non-crucial" contentions.

Accordingly, we affirm the order of the district court.

---

concentration of alcohol within the range that corresponds to percentage by weight of alcohol in the blood from .05 to .20 percent, inclusive; and

    (b) A sample of air which does not contain alcohol.