THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, APPELLANTS, *v.* LARRY EVANS, RESPONDENTS.

No. 27947

January 22, 1998 952 P.2d 958

*Frankie Sue Del Papa,* Attorney General, and *Bridget A. Branigan,* Deputy Attorney General, Carson City, for Appellant.

*John G. Watkins,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

On November 28, 1994, Las Vegas Metropolitan Police Officer Scott Lang arrested respondent Larry Evans ("Evans") for driving under the influence of intoxicating liquor, then advised Evans of the implied consent law and asked him to submit to a blood or breath test. After Evans refused to be tested, Officer Lang served him with notice of revocation of his driving privileges. Evans requested an administrative hearing.

At the hearing on February 13, 1995, Officer Lang testified, over a hearsay objection, that he responded to the location where his partner, Officer Merrill Sage, had stopped a vehicle driven by Evans in an erratic manner.[1] Officer Lang testified he smelled alcohol on Evans' breath, and noticed his speech was slurred and his eyes were bloodshot. When Evans failed a horizontal gaze nystagmus test and refused to take any other field sobriety tests, Officer Lang arrested him. Officer Lang testified he advised Evans of the implied consent law by reading it from a standardized form, and that Evans refused to take any test. Evans did not testify at the hearing.

By written decision, the hearing officer overruled Evans' hearsay objection, citing NRS 51.075(1)[2] and State of Nevada,

---

[1]Evans' attorney objected to admission of the hearsay statement and its use to show that Evans was driving. The hearing officer noted the objection for the record, reserved ruling on it, and allowed the police officer to continue.

[2]NRS 51.075(1) provides: "A statement is not excluded by the hearsay rule if its nature and the special circumstances under which it was made offer

Department of Motor Vehicles v. Kiffe, 101 Nev. 729, 709 P.2d 1017 (1985); denied Evans' motion to dismiss based on various constitutional challenges; and upheld the license revocation. In support of revocation, the hearing officer found (1) Officer Lang had reasonable grounds to believe Evans was driving or in actual physical control of a vehicle while under the influence of intoxicating liquor; (2) Officer Lang asked Evans to take an evidentiary test and warned him that a failure to submit would result in revocation of his driving privilege; and (3) Evans failed to submit to any test.

Evans petitioned for judicial review. The district court granted the petition, and determined the hearing officer erred in admitting hearsay evidence that Evans was driving. According to the district court, this evidence deprived Evans of his constitutional right to confront and cross-examine an adverse witness on an important fact. Consequently, the district court reversed the license revocation and ordered that Evans' license be reinstated. The Department of Motor Vehicles ("DMV") appeals.

The DMV contends Officer Lang's hearsay statement that Evans was driving, according to Officer Sage, was admissible under *Kiffe*. Evans, on the other hand, contends that Franco v. State of Nevada, 109 Nev. 1229, 866 P.2d 247 (1993), a criminal case, repudiates the rationale of *Kiffe,* and that hearsay can no longer be admitted under the general hearsay exception to prove that a DUI suspect was driving.[3]

A license revocation hearing is a civil proceeding, not a criminal prosecution. Beavers v. State, Dep't of Mtr. Vehicles, 109 Nev. 435, 438, 851 P.2d 432, 434 (1993). The hearing was limited to two issues: (1) whether Officer Lang, at the time he directed Evans to submit to an evidentiary test, had reasonable grounds to believe that Evans had been driving or in actual physical control of a vehicle while under the influence of alcohol,

---

assurances of accuracy not likely to be enhanced by calling the declarant as a witness, even though he is available."

[3]Preliminarily, Evans challenges our jurisdiction over this appeal. He argues district courts have final appellate jurisdiction in cases arising in inferior tribunals, including administrative agencies, under article VI, section 6, of the Nevada Constitution. The contention is without merit. NRS 233B.150; State, Dep't Mtr. Veh. v. Bremer, 113 Nev. 805, 942 P.2d 145 (1997). Because *Bremer* was decided after the briefs were filed in this case, we decline the DMV's request that we sanction Evans' attorney for raising this issue; however, we admonish Evans' attorney that a continued practice of raising this issue will not be well received in the future.

and (2) whether Evans failed to submit to a test. *See id.*; NRS 484.383(1); former NRS 484.387(2).[4]

*Kiffe* answers in the affirmative the question whether the hearsay statement at issue in this case was admissible. In *Kiffe,* as in this case, the officer who arrested the driver ("Kiffe") on a DUI charge and requested that he submit to an evidentiary test did not actually see Kiffe in the car; when the officer arrived at the scene to assist, Kiffe was already outside of the car. *Kiffe,* 101 Nev. at 730, 709 P.2d at 1018. The hearing officer admitted the assisting officer's hearsay statement that, according to the officer who made the traffic stop, Kiffe had been driving in an erratic manner. Relying upon the hearsay, the hearing officer found the assisting officer had reasonable grounds to believe that Kiffe was driving while under the influence of alcohol. *Id.* at 731, 709 P.2d at 1019.

In *Kiffe,* the district court granted a petition for judicial review on the ground that the hearsay evidence, though admissible, was insufficient to sustain the hearing officer's findings of fact. *Id.* We reversed the order of the district court and reinstated the hearing officer's decision. In doing so, we confirmed that the hearsay evidence was admissible under the general hearsay exception, NRS 51.075(1). We further confirmed that the hearsay was expressly admissible in the administrative revocation proceeding under NRS 233B.123(1)[5] because, under the circumstances, the evidence consisting of the first officer's statement to the second officer was of a type commonly relied upon by reasonable and prudent persons in the conduct of their affairs. Since substantial evidence, including the hearsay statement, supported the hearing officer's determination that Kiffe's license should be revoked, we concluded the district court erred by substituting its judgment for that of the hearing officer. *Id.* at 732-33, 709 P.2d at 1019-20.

Here, the district court ruled the hearsay evidence that Evans was driving was not admissible. The court reasoned that: (1) a

---

[4]At the time of these proceedings, former NRS 484.387(2) provided:

> The scope of the hearing must be limited to the issues of whether the person failed to submit to a test or, at the time of the test, had 0.10 percent or more by weight of alcohol in his blood or a detectable amount of a controlled substance in his system. Upon an affirmative finding on any of these issues, the department shall affirm the order of revocation. Otherwise, the order of revocation must be rescinded.

[5]NRS 233B.123(1) provides, in pertinent part, that "[e]vidence may be admitted, except where precluded by statute, if it is of a type commonly relied upon by reasonable and prudent persons in the conduct of their affairs."

person appearing before an administrative body has a due process right to confront and cross-examine adverse witnesses on material facts; (2) the issue of driving or being in actual physical control of a vehicle is an important fact at a DMV driver's license revocation hearing; and (3) following *Franco,* 109 Nev. at 1240, 866 P.2d at 254, hearsay can no longer be admitted under the general exception to the hearsay rule, NRS 51.075(1), when a party has a right of confrontation.

The district court's analysis is fundamentally flawed in two respects. First, *Franco,* a criminal case, did not overrule *Kiffe,* either expressly or by implication. *Franco,* 109 Nev. at 1236-40, 866 P.2d at 252-54, recognizes the long-standing rule that otherwise admissible hearsay may need to be excluded to preserve a criminal defendant's constitutional right of confrontation.[6] This is not a criminal case, however, and *Franco* does not address the admissibility of hearsay in an administrative proceeding.

At the revocation hearing, Evans had a right to confront and cross-examine opposing witnesses "on any matter relevant to the issues." NRS 233B.123(4). As noted, the issues were limited to determining whether Officer Lang had reasonable grounds for directing Evans to submit to a test and whether Evans failed to do so. Evans was permitted to cross-examine Officer Lang on any matter relevant to these issues, including the reasonableness of the officer's belief that Evans was driving.

Second, the DMV was not required to prove that Evans was in fact driving or in actual physical control of a vehicle, only that the officer directing him to be tested had reasonable grounds to believe that Evans had been doing so while under the influence of alcohol. *See Beavers,* 109 Nev. at 438-39, 851 P.2d at 434; NRS 484.383(1). Though we declined in *Kiffe* to clarify precisely what the DMV must prove in a revocation proceeding, we now do so. As we explained in State, Department of Motor Vehicles and Public Safety v. Frangul, 110 Nev. 46, 49, 867 P.2d 397, 399 (1994), a criminal arrest and prosecution for DUI is wholly independent of the DMV license revocation process. Here, the hearing officer properly relied upon the hearsay evidence in

---

[6]The Confrontation Clause of the Sixth Amendment, made applicable to the states through the Fourteenth Amendment, provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI; *see* Idaho v. Wright, 497 U.S. 805, 813 (1990).

finding that Officer Lang had reasonable grounds to believe Evans was driving.[7]

The hearing officer's determination that Evans' license should be revoked is supported by substantial evidence in the record; consequently, the district court erred by excluding the hearsay evidence and substituting its judgment for that of the hearing officer on factual issues. *See* NRS 233B.135; *Kiffe,* 101 Nev. at 733, 709 P.2d at 1020.

Accordingly, we reverse the order of the district court and remand with instructions to reinstate the revocation of respondent's driving privileges.

---

[7]Evans asserts NRS 484.383(1) is unconstitutional if "reasonable grounds" is interpreted to mean anything less than "probable cause." The validity of Evans' arrest is not an issue in an administrative license revocation proceeding, however, and it is not an issue in this appeal. *See Beavers,* 109 Nev. at 438-39, 851 P.2d at 434; NRS 484.387(2).