130 Nev., Advance Opinion 27

## IN THE SUPREME COURT OF THE STATE OF NEVADA

OBTEEN NASSIRI, D.C.; AND
EDWARD JOHNSON, D.C.,
Appellants,
vs.
CHIROPRACTIC PHYSICIANS' BOARD
OF NEVADA,
Respondent.

No. 60490

**FILED**

APR 03 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order granting in part and denying in part a petition for judicial review in a professional licensing matter. Eighth Judicial District Court, Clark County; Kathy A. Hardcastle, Judge.

*Affirmed.*

Agwara & Associates and Liborius I. Agwara and George A. Maglares, Las Vegas,
for Appellants.

Louis A. Ling, Reno,
for Respondent.

BEFORE HARDESTY, PARRAGUIRRE and CHERRY, JJ.

*OPINION*

By the Court, CHERRY, J.:

Appellants assert that the Chiropractic Physicians' Board of Nevada violated their statutory and constitutional rights by applying a

14- 10526

lower standard of proof in disciplinary proceedings than due process allows. They further argue that applying a different standard of proof in chiropractic physician disciplinary proceedings than is applied in medical physician disciplinary proceedings violates the Equal Protection Clause of the United States Constitution. We hold that, in the absence of a specific statutory mandate, agencies generally must utilize, at a minimum, the preponderance-of-the-evidence standard in their adjudicative hearings as it is the general civil standard of proof. Because the preponderance-of-the-evidence standard of proof was ostensibly applied and met here, we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant Dr. Obteen Nassiri owned and operated a Las Vegas-based chiropractic practice that specialized in treating patients who had been injured in motor vehicle accidents. The practice employed appellant Dr. Edward Johnson as a chiropractic physician, who later purchased the practice from Dr. Nassiri. At the time, both appellants were licensed chiropractic physicians in Nevada.

After an insurance company reported that appellants may have engaged in unprofessional conduct, respondent Chiropractic Physicians' Board of Nevada[1] filed complaints for disciplinary action against appellants, charging them with, among other things, unlawfully referring patients to other physicians, unlawful fee splitting, inaccurate record-keeping, fraud, and employing unregistered assistants. The Board heard testimony from four witnesses and considered numerous exhibits. It subsequently found, based on the "substantial, credible, reliable, and

---

[1]The Board consists of seven members appointed by the Governor who are authorized to take disciplinary action against chiropractic licensees. NRS 634.020; NRS 634.190.

probative evidence," that appellants had violated multiple provisions of NRS Chapter 634 and NAC Chapter 634. As a result, the Board revoked Dr. Nassiri's license, ordered him to pay 80 percent of the Board's fees and costs and a fine of $5,000 for each of the six violations that he was found to have made, and further mandated that Dr. Nassiri could not own, directly or indirectly, any interest in a chiropractic practice through any person related to him within two degrees of consanguinity or affinity until his license was restored. As for Dr. Johnson, the Board suspended his license for one year with conditions, ordered him to pay 20 percent of the Board's fees and costs and a fine of $1,000 for each of the five provisions that he was found to have violated, and imposed probation with conditions for three years to commence once the suspension was lifted.

Appellants petitioned for judicial review in the district court. They asserted, in part, that the Board's order must be set aside because the Board (1) used the wrong standard of proof—substantial evidence—and in so doing violated their constitutional equal protection and due process rights and (2) did not have the authority to prohibit Dr. Nassiri from owning a chiropractic practice. The district court granted in part and denied in part appellants' petition for judicial review. The court's order granted the petition for judicial review on the portion of the Board's order that prohibited Dr. Nassiri from owning any interest in a chiropractic practice through any person related to him within two degrees of consanguinity or affinity until his license is restored.[2] With respect to the remainder of the Board's order, the district court adopted the Board's

_____

[2]This portion of the district court's order is not before this court on appeal.

findings of fact and affirmed all of the substantive issues now on appeal, thus denying judicial review. Citing NRS 233B.135(3)(e) and *Minton v. Board of Medical Examiners*, 110 Nev. 1060, 1078, 881 P.2d 1339, 1352 (1994), the district court concluded that the Board's determinations must be supported by substantial evidence because NRS Chapter 634 does not set forth a specific standard of proof. The district court entered judgment against appellants, who thereafter filed a timely notice of appeal.

## DISCUSSION

### Standard of review

On appeal from orders deciding petitions for judicial review, this court reviews the administrative decision in the same manner as the district court. *Elizondo v. Hood Mach., Inc.*, 129 Nev. ___, ___, 312 P.3d 479, 482 (2013) (citing *City of N. Las Vegas v. Warburton*, 127 Nev. ___, ___, 262 P.3d 715, 718 (2011)). We review the factual determinations of administrative agencies for clear error "in view of the reliable, probative and substantial evidence on the whole record" or for an "abuse of discretion." NRS 233B.135(3)(e), (f). Thus, factual findings will only be overturned if they are not supported by substantial evidence, which, we have explained, is evidence that a reasonable mind could accept as adequately supporting the agency's conclusions. *Elizondo*, 129 Nev. at ___, 312 P.3d at 482. "A de novo standard of review is applied when this court addresses a question of law, 'including the administrative construction of statutes.'" *Id.* (quoting *Holiday Ret. Corp. v. State, Div. of Indus. Relations*, 128 Nev. ___, ___, 274 P.3d 759, 761 (2012)). We will decide purely legal issues without deference to the agency's conclusions of law. *Id.*

*Standard of proof at administrative agency proceedings*

Appellants argue that the Board improperly used the "substantial evidence" standard set forth in NRS 233B.135 to determine that appellants committed professional misconduct. They assert that this standard is lower than that utilized to discipline medical doctors and that this incongruity is unconstitutional.

Appellants' argument displays a simple misunderstanding regarding the concept of standard of proof. Foremost, appellants mistakenly use "burden of proof" synonymously with "standard of proof." The two concepts are actually distinct. "Burden of proof" refers broadly to a party's duty to present evidence and argument to prove his or her allegations, whereas "standard of proof" refers to the "degree or level of proof demanded" to prove a specific allegation. *Black's Law Dictionary* 223, 1535 (9th ed. 2009). A standard of proof's function, as the United States Supreme Court has expressed, "is to 'instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication.'" *Addington v. Texas*, 441 U.S. 418, 423 (1979) (quoting *In re Winship*, 397 U.S. 358, 370 (1970) (Harlan, J., concurring)). In this case, the issue is what *standard* of proof applies in chiropractor disciplinary adjudications, as all parties agree that the Board carried the initial *burden* to prove that appellants committed misconduct.

Next, appellants appear to confuse "standard of proof" with "standard of review." As noted above, the "substantial evidence" standard set forth in NRS 233B.135 is a standard of review: "[t]he court may remand or affirm the final decision or set it aside in whole or in part . . . because the final decision of the agency is: . . . [c]learly erroneous

in view of the reliable, probative, and substantial evidence on the whole record." NRS 233B.135(3)(e). Under that statute, a reviewing court, whether the district court or this court, must inquire whether the agency's factual determinations are reasonably supported by evidence of sufficient quality and quantity. *Id.*; *see Elizondo*, 129 Nev. at ___, 312 P.3d at 482. Although administrative proceedings typically need not strictly follow the rules of evidence, *see* NRS 233B.123(1) (allowing the admittance of evidence during administrative proceedings "except where precluded by statute, if it is of a type commonly relied upon by reasonable and prudent persons in the conduct of their affairs"), the fact-finder is charged with making a decision based only on evidence of a type and amount that will ensure a fair and impartial hearing. *See* NRS 233B.125; *State, Dep't of Motor Vehicles & Pub. Safety v. Evans*, 114 Nev. 41, 44-45, 952 P.2d 958, 961 (1998); *Garson v. Steamboat Canal Co.*, 43 Nev. 298, 308-09, 185 P. 801, 804 (1919). The substantial evidence standard of review thus refers to the quality and quantity of the evidence necessary to support factual determinations. It contemplates deference to those determinations on review, asking only whether the facts found by the administrative fact-finder are reasonably supported by sufficient, worthy evidence in the record. *See U.S. Steel Mining Co. v. Dir., Office of Workers' Comp. Programs*, 187 F.3d 384, 389 (4th Cir. 1999) (explaining that, under analogous federal Administrative Procedure Act provisions, an agency fact-finder has a "duty to qualify evidence as reliable, probative, and substantial before relying upon it to grant or deny a claim," so to avoid a decision based on speculation and conjecture (internal quotations omitted)); 3 Charles H. Koch, Jr., *Administrative Law and Practice* § 9:24[1] (3d ed. 2010) (explaining that "substantial evidence" language

most often conveys a reasonableness standard of review, leaving the decision-making power with the agency). We do not reweigh the fact-finder's conclusions as to the persuasiveness of its factual determinations. NRS 233B.135(3) ("The [reviewing] court shall not substitute its judgment for that of the agency as to the weight of evidence on a question of fact."). Not only does the language of NRS 233B.135 indicate its application to courts' secondary review and not to the determinations of administrative agencies, but here there is also no lower tribunal to which the Board would give deference. Thus, NRS 233B.135's standard of review does not set forth a standard of proof that administrative agencies apply in their adjudicative hearings.

Appellants' confusion is understandable given that both standards refer to conclusions concerning the evidence and the district court also confused NRS 233B.135's standard of review with a standard of proof. The district court's order states that NRS 233B.135 governs the Board's proceedings in the absence of a statutorily mandated standard of proof in the Board's governing statutes. This court has also contributed to the confusion. *See Gilman v. State Bd. of Veterinary Med. Exam'rs*, 120 Nev. 263, 274, 89 P.3d 1000, 1008 (2004) ("When a higher standard of proof is set forth in a statute involving license revocation proceedings, that statute supersedes the substantial evidence standard of review set forth at NRS 233B.135(3)(e)."); *Minton v. Bd. of Med. Exam'rs*, 110 Nev. 1060, 1078, 881 P.2d 1339, 1352 (1994) (construing the statute providing the standard of proof in medical license revocation proceedings "to supersede" the standard in NRS 233B.135(3)(e)).

We take this opportunity to clarify that NRS 233B.135 sets out a standard of judicial review, not a standard of proof. Agency

adjudication should use the standard of proof set out in the agency's governing statutes. *See Gilman,* 120 Nev. at 274, 89 P.3d at 1008; *cf. J.D. Constr. v. IBEX Int'l Grp.,* 126 Nev. ___, ___, 240 P.3d 1033, 1042-43 (2010) (reasoning that "this court must look to reason and public policy" to determine the applicable standard of proof only after analyzing whether "[t]he statute . . . clearly state[s] what standard of proof the district court should use"). On appeal, the reviewing court should then determine whether substantial evidence supports the agency's factual determinations. *See Gilman,* 120 Nev. at 275, 89 P.3d at 1008 (holding that this court should review the agency decision to determine whether substantial evidence exists to have convinced the agency that violations had been shown in accord with the standard of proof set out in the statute(s) being enforced). To the extent that the language in *Minton* and *Gilman* could be read to conflict with our clarification here, we disapprove of the language used in the reasoning in those cases.

This raises the question of what standard of proof applies in an agency's occupational license revocation proceedings in the absence of a specific governing statute. This court has held that the "the preponderance-of-the-evidence standard is the general civil standard." *J.D. Constr.,* 126 Nev. at ___, 240 P.3d at 1043. The preponderance-of-the-evidence standard is the minimum civil standard of proof. *See Betsinger v. D.R. Horton, Inc.,* 126 Nev. ___, ___, 232 P.3d 433, 435 (2010) ("Generally, a preponderance of the evidence is all that is needed to resolve a civil matter . . . ."). We have held that the preponderance-of-the-evidence standard is appropriate to protect the procedural due process rights of those confronted with possible revocation of emission-station and inspector licenses. *Nellis Motors v. State, Dep't of Motor Vehicles,* 124 Nev. 1263,

1268, 197 P.3d 1061, 1065 (2008). Here, the license at issue can be no less deserving of due process than the one at issue in *Nellis Motors* because, in that case, we approved of the use of the *minimum* civil standard of proof. *See id.* There is no lower standard.[3] Thus, we hold that the Board was required to find that the allegations were proven by at least a preponderance of the evidence.[4]

The Board found, by at least a preponderance of the evidence, that appellants committed professional misconduct based on the evidence presented. *See Brown v. State*, 107 Nev. 164, 166, 807 P.2d 1379, 1381 (1991) (stating that a preponderance of the evidence amounts to whether the existence of the contested fact is found to be more probable than not). There is no evidence in the record showing that the Board used any sort of standard lower than a preponderance of the evidence, such as that the violations, however unlikely, might have occurred. Although the Board refers to the evidence being "substantial, credible, reliable, and probative," these factors speak to the qualification of the evidence, rather than to

---

[3]If there were a lower standard, it would be nonsensical; it would allow a tribunal to reach a conclusion even after reasoning that the conclusion is more likely to be *incorrect* than it is to be correct.

[4]Appellants do not argue, and thus we do not address, that a higher standard than preponderance of the evidence might apply.

whether the evidence satisfies the standard of proof used to evaluate whether a violation occurred. *See United States Steel Mining Co.*, 187 F.3d at 389 (clarifying that, "to prove by a preponderance of the evidence each element of a claim before an administrative agency, the claimant must present reliable, probative, and substantial evidence of such sufficient quality and quantity that a reasonable [administrative factfinder] could conclude that the existence of the facts supporting the claim are more probable than their nonexistence"). Thus, we hold that the Board did not err in finding that appellants committed violations warranting professional discipline.

Regarding appellants' argument that due process requires a higher level of review, their argument supposes that the Board used a substantial evidence standard, which we repudiate. We also note that, in light of our conclusion that the Board was convinced by at least a preponderance of the evidence, appellants' equal protection argument is rendered moot because the disciplinary proceedings for medical physicians also use a preponderance-of-the-evidence standard of proof. *See* NRS 630.346(2).

Accordingly, because the Board applied at least the preponderance-of-the-evidence standard and there was no equal protection violation here, we affirm the district court's order denying, in part, judicial review of the Board's order.

_____, J.
Cherry

We concur:

_____, J.
Hardesty

_____, J.
Parraguirre