IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| STATE OF NEVADA, DEPARTMENT OF CORRECTIONS,<br>Petitioner,<br>vs.<br>THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CARSON CITY; AND THE HONORABLE JAMES TODD RUSSELL, DISTRICT JUDGE,<br>Respondents,<br>and<br>JESSE HAINES,<br>Real Party in Interest. | No. 84763 |



FILED

NOV 21 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for writ of mandamus asking this court to compel the district court to vacate its order granting judicial review and remanding and instead affirm the agency decision in an employee claim for overtime compensation.

Having considered the petition, the answer, and supporting documents, we conclude that the Nevada Department of Corrections (NDOC) has not sufficiently demonstrated that this case warrants extraordinary writ intervention. *See* Nev. Const. art. 6, § 4; *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474-75, 168 P.3d 731, 736-37 (2007) (affirming that writ relief is an extraordinary remedy within this court's sole discretion); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 228, 88 P.3d 840, 841, 844 (2004) (finding that petitioner bears burden to show that extraordinary relief is warranted).

22-36551

First, NDOC argues that writ review is warranted since the district court erred by failing to defer to the Employee Management Committee's (the committee) interpretation of NRS 281.100. While a court owes deference to an agency's intertwined findings of fact and conclusions of law, a reviewing court remains free to decide pure legal questions without deference to the agency. *Beavers v. State, Dep't of Motor Vehicles & Pub. Safety*, 109 Nev. 435, 438, 851 P.2d 432, 434 (1993). Here, the district court found that NRS 281.100 cannot limit the definition of compensable overtime work as a matter of law and remanded this case to the committee to correct legal error by applying the facts of the case to the relevant statutes. Therefore, this court declines to compel the district court to vacate its order and deny Haines' petition for judicial review absent any claim that the order was "manifestly unreasonable." *Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 680, 476 P.3d 1194, 1196 (2020) (finding that, where a lower court's order is based on its discretion, mandamus relief is only available where the court's judgment is manifestly unreasonable).

Next, as NDOC concedes, an eventual appeal is available in this case following the committee's decision on remand. The right of eventual appeal generally precludes writ review. *See Pan*, 120 Nev. at 224, 88 P.3d at 841. Deferring appellate review to the conclusion of the matter is appropriate here, since the committee never determined whether the pre- and post-shift activities at issue qualified as compensable work under NRS 284.180 beyond its exclusive reliance on NRS 281.100, and ruling on the legal question in the abstract would deprive this court of the benefit of reviewing a fully developed agency record. *See Walker*, 136 Nev. at 681, 476 P.3d at 1197; *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 444, 874 P.2d

729, 733 (1994) (describing the goal of promoting judicial economy as "avoiding the specter of piecemeal appellate review").

Finally, while the question of whether NRS 281.100 governs Nevada's definition of compensable overtime work is a matter of first impression of statewide importance, this court declines to grant writ relief because, in this instance, the importance of the issue favors further administrative review. Here, the committee failed to make a conclusion of law that was necessary to resolve the dispute, and the decision was remanded for the committee on that basis. This court will not disturb the committee's review, especially given NDOC's argument that these issues are properly decided by the committee to "promote uniformity across the State personnel system." *See Walker*, 136 Nev. at 684, 476 P.3d at 1199 (finding that hindering fact-finding through writ review would "unnecessarily limit[ ] the records for this court's appellate review," particularly where administration of these issues fall within a streamlined and centralized body). Furthermore, since there are no precedential cases interpreting NRS 281.100's limits on the state's definition of compensable overtime work, no split interpretation between district courts, and no other cases awaiting resolution of this issue, we are not compelled to intervene prior to further review by the committee. *Cf. In re Bendectin Prods. Liab. Litig.*, 749 F.2d 300, 307 (6th Cir. 1984) (finding an issue of first impression sufficiently important for the purpose of granting writ review due to the "sheer magnitude" of the number of litigants awaiting a decision).

In sum, while this petition for writ of mandamus presents a novel legal question of first impression with statewide importance, writ review is not appropriate considering the availability of appeal following the committee's decision on remand, lack of prior precedent on the relevant

legal issues, and principles of judicial economy favoring a decision by the committee prior to further judicial review.[1] Therefore, we

ORDER the petition DENIED.[2]

_____Cadish_____, J.
Cadish

_____Pickering_____, J.
Pickering

_____Gibbons_____, S.J.
Gibbons

cc:    Hon. James Todd Russell, District Judge
       Attorney General/Carson City
       Attorney General/Las Vegas
       Thierman Buck LLP
       Carson City Clerk

---

[1]On November 18, 2022, real party in interest filed a notice of settlement and motion to stay the writ proceedings. In light of our conclusion that this court's intervention is not warranted and because staying this matter pending settlement will cause it to linger indefinitely on this court's docket, the motion for stay is denied.

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.