NEVADA INDUSTRIAL COMMISSION, APPELLANT, *v.* STEPHEN L. TAYLOR, RESPONDENT.

No. 12757

March 29, 1982                                    642 P.2d 598

*Raymond Badger,* General Counsel, Nevada Industrial Commission, Carson City, for Appellant.

*Smith & Gamble,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

The Nevada Industrial Commission appeals from a district court order setting aside a decision of its appeals officer. The appeals officer ordered that temporary total disability compensation for respondent Taylor should cease as of June 12, 1978, the date at which he was released to return to employment by his treating physician. Taylor had returned to work on June 12, 1978, but voluntarily ceased to work on September 10, 1978. He claimed that his prior injury prevented adequate job performance.

NRS 616.585 (3) provides: "For purposes of temporary total disability benefits under this section, the period of temporary total disability shall cease when any competent medical authority determines such employee is capable of any gainful employment." On June 12, 1978, Taylor was released for work by his physician. It cannot be doubted that this constituted a determination by competent medical authority that Taylor was capable of gainful employment. Accordingly, temporary total disability for Taylor must cease as of that date.

The appeals officer properly disallowed temporary disability compensation for the period of time following September 10, 1978. The trial court nonetheless held that in view of the evidence the administrative decision was in some respects clearly erroneous; it therefore ordered temporary total disability benefits to be paid for the period from September 10, 1978 through January 9, 1979. We are at a loss to discover in what respects the decision was clearly erroneous. There was no competent medical authority contrary to that of Taylor's doctor. Under such circumstances the commission was mandated by NRS

616.585 to cease temporary total disability payments after June 12, 1978 until competent medical authority determined to the contrary. The court erred in setting aside the order of the appeals officer and in awarding attorney's fees.[1] This matter is reversed and remanded to the district court for appropriate action consistent with this opinion.

---

[1]Appellant does not challenge that part of the district court order requiring re-evaluation of Taylor's permanent disability rating.