JAMES LIGGETT, Appellant, *v.* STATE INDUSTRIAL INSURANCE SYSTEM, an Agency of the State of Nevada, Respondent.

No. 14055

April 21, 1983                                   661 P.2d 882

*J. Michael Nave,* Las Vegas, for Appellant.

*Darla Anderson,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court affirming a decision made by an administrative appeals officer. The appeals officer dismissed Liggett's worker's compensation claim, and Liggett now contends that the district court should have reversed that dismissal. We disagree and therefore affirm.

On June 4, 1981, while Liggett was receiving worker's compensation for an industrial injury, he requested respondent to substitute a chiropractor for his assigned medical doctor. Respondent refused the request, and Liggett appealed to a hearings officer. A hearing was scheduled for September 15, 1981. Liggett did not appear at the hearing, however, and he did not contact the hearings officer to request a continuance. A few days later the hearings officer dismissed the appeal.

Liggett then filed an appeal with an appeals officer of the Department of Administration. Respondent moved to dismiss the appeal on the ground that Liggett had failed to appear at the September 15, 1981, hearing. The appeals officer granted the motion to dismiss, finding that Liggett had "abandoned his claim by failing to appear" at the earlier hearing. Liggett subsequently filed a petition for judicial review of the appeals officer's order, and as mentioned earlier, the district court affirmed. Liggett has now appealed to this court.

A party aggrieved by an administrative decision of a hearings officer may appeal that decision to an appeals officer. NRS 616.5422. Liggett contends that because the appeals officer conducts a hearing *de novo,* the appeals officer must disregard Liggett's failure to appear at the earlier hearing. Thus, Liggett argues that the appeals officer should not have summarily dismissed Liggett's claim. We reject this contention.

The legislature has enacted a multi-tiered administrative review process which contemplates a hearing and decision by a hearings officer before any review by an appeals officer. NRS 616.5412 *et seq.* There is no indication in the statutory framework that a worker's compensation claimant should be allowed to bypass the hearings officer level and yet obtain a hearing *de novo* before the appeals officer. We would nullify the orderly statutory process for handling of worker's compensation claims if we were to adopt Liggett's position.

In opposition to respondent's motion to dismiss Liggett's claim before the appeals officer, Liggett tendered no excuse whatsoever for his failure to appear at the September 15, 1981, hearing. Therefore, the appeals officer was fully justified in ruling that Liggett had abandoned his claim by failing to appear at the earlier hearing, and the appeals officer did not err by dismissing the appeal. Consequently, the district court did not err by affirming that dismissal.

We note that Liggett has raised a due process argument regarding the initial dismissal at the hearings officer level. The argument was not made in the district court, and even on appeal the argument was made for the first time in Liggett's reply brief. We therefore decline to consider the due process argument.

Affirmed.