PASTORA DIAZ, Appellant, v. GOLDEN
NUGGET, Respondent.

No. 16942

March 31, 1987 734 P.2d 720

*King, Clark, Gross and Sutcliffe, Ltd.,* Las Vegas, for Appellant.

*Jerry Collier Lane,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from the judgment of the Eighth Judicial District Court reversing the decision of an administrative appeals officer.

The case involves a worker's compensation claim. The appeals officer ordered respondent Golden Nugget to pay rehabilitative maintenance to appellant Diaz. The district court reversed that decision, finding that the appeals officer had no jurisdiction to consider the question of rehabilitation, and that the decision of the appeals officer was not supported by substantial evidence. We disagree and we reverse the decision of the district court.

Diaz was employed as a maid for the Nugget. In July, 1983, she slipped, fell, and injured her elbow. In February, 1984, the Golden Nugget notified Diaz that her file would be closed. She appealed to the hearing officer who directed further medical evaluation. Dr. Mackey treated Diaz for a period and released her to full duty in July, 1984. She worked for less than two days, then, due to swelling and discomfort in her arm, she stopped working.

Diaz was examined by Dr. Ganhem who detected problems with her right median nerve. Diaz was then seen by Dr. Boulware who reported no evidence of neuropathy and recommended no limits on her activities. This report led to another closure letter from the Nugget. Diaz once again appealed to the hearing officer. Before the hearing she was examined by Dr. Kudrewicz. This latest report, however, is dated two days after the hearing by the hearing officer. It notes a loss of range of motion in the wrist and elbow, tenderness in the area and some indentation deformity which Dr. Kudrewicz opined was due to muscular atrophy.

The hearing officer, not having the benefit of the Kudrewicz report, affirmed the termination of all benefits. At the hearing, Diaz raised the question of vocational rehabilitation. The hearing

officer found that he was unable to address the question because it had not been the subject of a determination by the insurer.

Diaz appealed to the appeals officer. The appeals officer reversed the decision of the hearing officer and ordered the Golden Nugget to pay rehabilitative maintenance. The decision was based on the Kudrewicz report.

The Nugget petitioned for judicial review. The district court found that the appeals officer had exceeded his jurisdiction because Diaz was not a party aggrieved by a decision of the hearing officer and because the appeals officer has no jurisdiction to consider a matter not heard and ruled upon by the hearing officer. The district court also found that the decision was not supported by the evidence.[1] This appeal followed.

Our analysis begins with the jurisdictional issue. The Golden Nugget sent Diaz a letter terminating "all benefits." Diaz appealed to the hearing officer, designating temporary total disability as the sole issue being appealed. However, she also requested an evaluation for permanent partial disability. At the hearing, Diaz contended that she was entitled to vocational rehabilitation.

The hearing officer declined to address the question of vocational rehabilitation. He stated instead that:

> The hearing officer is unable to address the subject of rehabilitation services or maintenance as there has been no determination made by the insurer as to those benefits.

Diaz then filed two requests for hearing at the appeals officer level. One notice designated "rehab" as the issue being appealed. The other designated "permanent partial disability" as the sole issue on appeal. The appeals officer reversed the decision of the hearing officer and ordered rehabilitative services and maintenance.

We hold that Diaz was aggrieved by the hearing officer's refusal to address the issue. She requested a ruling on an issue and no decision was forthcoming. By refusing to decide the issue, the hearing officer affirmed the termination of "all benefits." Diaz was thus aggrieved by the hearing officer's refusal to

---

[1]The decision of the district court recites that it was based on the briefs, points and authorities and oral arguments of the parties. It makes no mention of the record of proceedings before the appeals officer. If, in fact, there was no review of the record by the district court, then reversal and remand would be necessary. SIIS v. Thomas 101 Nev. 293, 701 P.2d 1012 (1985). We refrain from ruling on this basis because the record is not clear as to whether the district court actually reviewed the record and because other errors are clear.

address the issue and was entitled to invoke the jurisdiction of the appeals officer. *See* SIIS v. Partlow-Hursh, 101 Nev. 122, 696 P.2d 462 (1985).

Concluding that the appeals officer had the authority to review the hearing officer's decision does not resolve the issue. The question now becomes whether that decision was correct. A decision by the insurer to terminate "all benefits" necessarily includes a denial of rehabilitative benefits. Diaz was thus a party aggrieved by a decision of the insurer within the meaning of NRS 616.5412(2). We note parenthetically that an employee of a self-insured employer need only be "dissatisfied" with a decision of the employer. NRS 616.5414.

The essence of the Golden Nugget's contention, as we see it, is that the Request for Hearing before the hearing officer did not specify rehabilitation as a matter for review. This argument is without merit. We have consistently held that the worker's compensation law, "including matters of procedure, is liberally construed, having due regard to remedial and salutary purposes of the act." Nevada Industrial Commission v. Peck, 69 Nev. 1, 11, 239 P.2d 244, 248 (1952). Requiring a claimant to list every possible issue on the request form would not be consistent with a liberal construction of the act. If the Nugget were truly surprised, some remedy other than ignoring the issue would be appropriate.

There is a further reason to uphold the decision of the appeals officer. The issue of permanent partial disability was properly before the hearing officer. The benefits were denied. Diaz appealed. Once the jurisdiction of the appeals officer is invoked, the appeals officer "must hear any matter raised before him on its merits, including new evidence bearing on the matter." NRS 616.5426(2). Thus, the hearing before the appeals officer is more akin to a hearing *de novo* than to an appeal as we know it. Therefore, the appeals officer had the authority to decide the question of rehabilitation.

The district court held that the appeals officer may not hear a matter not previously heard and ruled upon by the hearing officer. The court cited our decision in Liggett v. SIIS, 99 Nev. 262, 661 P.2d 882 (1983), in support of that proposition. The district court's reliance on *Liggett* is misplaced. In that case, we held only that an appeals officer can make an independent review of the record and the evidence and determine that a claimant has abandoned the claim. It does not limit the appeals officer to a review of matters presented to and decided by the hearing officer. Such a construction in the instant case would effectively allow the hearing officer to deny benefits and then preclude appeal by

refusing to rule. Refusing to hear a matter is a decision that may be reviewed by the appeals officer.

Having decided that the question of rehabilitative benefits was properly before the appeals officer, the rest of our analysis is limited. Judicial review of the decision of the appeals officer is limited to a review of the record before the appeals officer. Neither the district court nor this court is to substitute its judgment for that of the appeals officer regarding the weight of evidence. If the record includes substantial evidence supporting the appeals officer's decision, that decision will not be disturbed upon judicial review. Nevada Indus. Comm'n v. Hildebrand, 100 Nev. 47, 675, P.2d 401 (1984).

In the instant case, the decision of the appeals officer is supported by the Kudrewicz report. The appeals officer was specifically authorized to receive the Kudrewicz report even though it was not before the hearing officer. NRS 616.5426(2). Dr. Kudrewicz stated: "It appears clear that (Diaz) is unable to perform her usual and customary jobs because of significant flare-up of her elbow area." There was, therefore, substantial evidence that Diaz was unable to return to her old job. The appeals officer is the ultimate trier of fact. We will not disturb the factual findings that Diaz was unable to return to her job as a maid.

The Golden Nugget argues that Diaz forever forfeited all benefits when she left work without medical authorization. The Golden Nugget mistakenly relies on Nevada Industrial Comm'n v. Taylor, 98 Nev. 131, 642 P.2d 598 (1982). The *Taylor* decision merely states that an injured worker cannot receive temporary total disability benefits *between* the time he is returned to work and the time competent medical authority determines to the contrary. *Id.* at 132, 133, 642 P.2d at 599. In the instant case there was a later determination that Diaz was not capable of full duty. The Kudrewicz report recommends light duty and restrictions on lifting. Diaz became eligible for benefits as of the date of the Kudrewicz report. We will not require an injured worker to stay on the job, possibly aggravating an injury, until another medical evaluation can be arranged.

In summary, we hold that the question of rehabilitative benefits was properly before the appeals officer and his decision awarding benefits is supported by substantial evidence in the record. We therefore reverse the decision of the district court and reinstate the decision of the appeals officer.