*869 OPINION

Per Curiam:

On September 27, 1992, respondent was pulled over after a police officer noticed respondent’s car weaving and crossing over the center line. Respondent failed both a field sobriety test and a preliminary breath test, was placed under arrest for DUI, and agreed to submit to an evidentiary blood test. Respondent’s breath test, performed at 2:05 a.m., showed a blood alcohol content (“BAC”) of .138 percent; his blood test, performed at 2:37 a.m., showed a BAC of .171 percent.
The Department of Motor Vehicles (“DMV”) sent respondent a notice of revocation on October 9, 1992, informing respondent that his license would be suspended from October 17, 1992, through January 17, 1993, pursuant to NRS 484.384.[1] Upon respondent’s petition, an evidentiary hearing was held on December 1, 1992. Counsel for respondent argued that there was not substantial evidence to show that respondent’s BAC had been over 0.10 percent at the time of his arrest; instead, the evidence showed that respondent’s BAC was rising at a steady rate between the time of his arrest and the time of the blood test, and had actually been below 0.10 percent at the time of his arrest. The hearing officer found that NRS 484.384 requires a BAC of 0.10 percent at the time of the blood test, not at the time of arrest. The hearing officer concluded that all elements of proof necessary to *870 support a violation of the Illegal Per Se Law under NRS Chapter 484 were supported by substantial evidence, and affirmed the revocation of respondent’s driving privileges.
Respondent petitioned for judicial review. The district court reversed the hearing officer’s decision on August 17, 1993. The district court held that NRS 484.384 is unconstitutional as applied, because it creates an irrebuttable presumption that the BAC at the time of the blood test is the same as the BAC at the time of driving. The district court further concluded that the presumption violates due process, and NRS 484.384 can only reconcile the state’s interest in preventing drunk driving with drivers’ substantial interests in their driving privileges by allowing drivers to rebut the presumption with evidence of their BAC levels at the time of driving. This appeal followed.

DISCUSSION

DMV contends that the district court erred in finding that NRS 484.384 is unconstitutional as applied. DMV contends that revocation of driving privileges under NRS 484.384 only requires a showing that the driver’s BAC was over 0.10 percent at the time of the blood test, and does not require a driver’s BAC at the time of the test to be the same as the BAC at the time of driving. DMV contends that criminal DUI proceedings are wholly separate from administrative driver’s license revocation proceedings, and that applying a different standard for revocation of a license under NRS 484.384 neither creates an irrebuttable presumption nor violates due process.
We conclude that NRS 484.384 does not create an irrebuttable presumption that a driver’s BAC at the time of driving is the same as his BAC at the time of the blood test. To the contrary, the scope of review of an order of revocation of driving privileges is limited to the issues of whether the person failed to submit to an evidentiary test or had 0.10 percent or more by weight of alcohol in his blood at the time of the test. See Beavers v. State, Dep’t of Mtr. Vehicles, 109 Nev. 435, 438-39, 851 P.2d 432, 434 (1993). Because no proof of a driver’s BAC at the time of driving is required for revocation of driving privileges, NRS 484.384 creates no presumption, let alone an irrebuttable presumption, concerning a driver’s BAC at the time of driving.
Further, the standards set by the legislature for revoking driving privileges in a civil proceeding under NRS 484.384 are different from those required for a conviction for DUI under NRS 484.379. Implied consent statutes provide for administrative, civil proceedings entirely separate and distinct from criminal statutes prohibiting drunk driving. State, Dep’t of Mtr. Vehicles v. Frangul, 110 Nev. 46, 49, 867 P.2d 397, 399 (1994). Under *871 NRS 484.379, a driver may be convicted for DUI if he is “under the influence of alcohol,” “has 0.10 percent or more by weight of alcohol in his blood,” or is found to have a BAC level of 0.10 percent or higher within two hours after driving. NRS 484.379(l)(a)-(c). A BAC level of 0.10 percent while driving is thus not a prerequisite for a revocation of a driver’s license. Respondent’s contention that the legislature intended to revoke only the licenses of persons with BAC levels of 0.10 percent while driving lacks merit.
Although this court has not previously addressed the precise issue of whether NRS 484.384 violates due process, other states have held that similar statutes allowing revocation of driving privileges based upon a driver’s BAC at the time of a test are constitutional. See Bierner v. State Taxation & Rev. Dept, 831 P.2d 995, 1000 (N.M. App. 1992) (in light of its purposes and justifications, the New Mexico statute did not violate due process); Knapp v. Miller, 799 P.2d 868, 872 (Ariz. Ct. App. 1990) (revocation statute was reasonably related to legitimate, compelling state interest in removing alcohol-impaired drivers from the roads because of the clear threat they pose to public safety).
We find the constitutional analysis of Bierner and Knapp persuasive. The Nevada legislature chose to apply a different standard for revocation of driving privileges than for criminal convictions for DUI. That legislative choice is reasonably related to the legitimate, compelling state interest of reducing alcohol-related accidents and creates no presumption concerning a driver’s BAC while driving, let alone an irrebuttable presumption. Accordingly, we reverse the order of the district court, and we remand this case to the district court with instruction to reinstate the administrative revocation of respondent’s driving privileges.

At the time of the revocation of respondent’s license, NRS 484.384 read in pertinent part:
3. If a person fails to submit to a preliminary test of his breath as directed by a police officer under NRS 484.383 or the result of a test given under NRS 484.382 or NRS 484.383 shows that he had 0.10 percent or more by weight of alcohol in his blood at the time of the test, his license, permit or privilege to drive must be revoked as provided in NRS 484.385 and he is not eligible for a license, permit or privilege for a period of 90 days.