MICHAEL SHANE WEAVER, Appellant, v. THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES, Respondent.

No. 41586

August 11, 2005 117 P.3d 193

*Law Offices of John G. Watkins* and *John Glenn Watkins,* Las Vegas, for Appellant.

*Brian Sandoval,* Attorney General, and *Carolyn L. Waters,* Deputy Attorney General, Carson City, for Respondent.

Before ROSE, GIBBONS and HARDESTY, JJ.

## OPINION

*Per Curiam:*

NRS 484.384 provides that if a test reveals a blood or breath alcohol concentration of 0.08 or more, then the person tested loses his or her driver's license. In this appeal, we consider whether NRS 484.384 violates the constitutional right to due process by not allowing the person tested to present evidence that his or her alcohol level is based on alcohol consumed after driving. We conclude that, when an intervening time period exists between the driver's operation of a vehicle and his or her arrest, the driver must be permitted under NRS 484.384 to introduce evidence that he or she

only drank alcohol after driving. In this case, as the administrative law judge permitted such evidence, we affirm.

## FACTS

On October 16, 2001, Officer Peter Kisfalvi of the Las Vegas Metropolitan Police Department responded to a call concerning a vehicular accident. Officer Kisfalvi testified that upon arriving at the scene, he observed a gray convertible Porsche up against the south wall of the street. The vehicle had front-end damage. Weaver, who stood nearby, informed Officer Kisfalvi that he had lost control of the car while driving, hit a curb, and then hit the wall.

At that time, Officer Kisfalvi noticed that Weaver had bloodshot, watery eyes, smelled strongly of alcohol, and slurred his speech when he spoke. Officer Kisfalvi asked Weaver how much he had had to drink, and Weaver replied that he had walked home after the accident, consumed two beers, and then returned to the accident scene. At the scene, Officer Kisfalvi administered field sobriety tests to Weaver, including the horizontal gaze nystagmus, the one-leg-stand test, and the preliminary breathalyzer test. Weaver failed each of these tests and refused to complete the walk-and-turn test for Officer Kisfalvi. After Weaver consented to a blood alcohol test, he was taken to the Clark County Detention Center, where he submitted a blood sample. Officer Kisfalvi later received the results of that blood test, which indicated that Weaver had a blood alcohol concentration of 0.272, an amount almost three times the legal limit in effect at the time of the accident. As a result, Officer Kisfalvi completed and sent to the DMV a Certification of Cause to revoke Weaver's driver's license. Upon receipt of that document, the DMV revoked Weaver's driver's license. Weaver then requested a hearing before an administrative law judge.

At the administrative hearing, Weaver testified that upon arriving home after the accident he changed his clothes and drank five or six beers and four or five shots of tequila. He further testified that he called a tow truck company and was informed that it would be two hours before a tow truck would arrive. Approximately two hours after the accident, Weaver left his home and returned to the accident scene to meet the tow truck driver. Weaver, the tow truck driver, and Officer Kisfalvi arrived at the scene at approximately the same time. After hearing this testimony, the administrative law judge affirmed the DMV's revocation.

Weaver then filed a petition for judicial review with the district court. Weaver argued that the administrative law judge improperly shifted the burden of proof to him to prove that he had not been driving while intoxicated. The district court remanded the matter to the administrative law judge to clarify the legal basis and reason-

ing supporting the judge's findings of fact and conclusions of law. The administrative law judge responded and clarified her findings of fact and conclusions of law. After reviewing the administrative law judge's clarification of the findings of fact and conclusions of law, the district court denied Weaver's petition for judicial review, finding that the administrative law judge had not improperly shifted the burden of proof. Weaver now brings this appeal.

## DISCUSSION

### Standard of review

This court has previously noted that in reviewing an administrative decision, this court's role is "identical to that of the district court: to review the evidence presented to the agency in order to determine whether the agency's decision was arbitrary or capricious and was thus an abuse of the agency's discretion."[1] In addition, when reviewing an administrative decision neither this court nor the district court may go beyond the administrative record or substitute its judgment for that of the administrative agency concerning the weight of the evidence on questions of fact.[2] Moreover, the burden of proof is on the party opposing the administrative decision to show that it was erroneous in view of the record as a whole or that it was arbitrary or capricious.[3] Questions of law, however, are reviewed de novo.[4]

### Reasonable belief to administer the field tests

This court has stated that the scope of review during a driver's license revocation hearing is limited to three issues: (1) whether the person failed to submit to an evidentiary test; (2) whether a person's blood alcohol level exceeded the legal limit at the time of the test; and (3) whether the officer who ordered an evidentiary test had reasonable grounds, at the time she ordered the test, to believe the person had been driving or in actual physical control of a vehicle while intoxicated.[5] Significantly, "[t]his court has carved out a unique posture towards administrative driver's license revo-

[1]*United Exposition Service Co. v. SIIS,* 109 Nev. 421, 423, 851 P.2d 423, 424 (1993).

[2]*Id.* at 423-424, 851 P.2d at 424.

[3]*Id.* at 423 n.1, 851 P.2d at 424 n.1; *see also* NRS 233B.135(2).

[4]*State, Bus. & Indus. v. Granite Constr.,* 118 Nev. 83, 86, 40 P.3d 423, 425 (2002).

[5]*Beavers v. State, Dep't of Mtr. Vehicles,* 109 Nev. 435, 438-39, 851 P.2d 432, 435 (1993).

cation proceedings."[6] Under Nevada law, such proceedings are considered to be " 'civil in nature, not criminal.' "[7] Consequently, the objective of such a proceeding is not to punish the licensee; rather, the goal is to protect the public from irresponsible and dangerous drivers.[8]

On appeal, Weaver challenges the last determination and asserts that there is not substantial evidence in the record to support the conclusion that Officer Kisfalvi had reasonable grounds to believe that he drove while intoxicated. We disagree. In *State, Department of Motor Vehicles v. Evans,* this court expressly stated that it was not incumbent upon the DMV "to prove that Evans was in fact driving or in actual physical control of a vehicle, only that the officer directing him to be tested had reasonable grounds to believe that Evans had been doing so while under the influence of alcohol."[9] In this particular case, Weaver readily admitted that he was driving his Porsche when he crashed. Therefore, the DMV only needed to demonstrate that Officer Kisfalvi had reasonable grounds to believe that Weaver was intoxicated when he crashed the vehicle.

Here, substantial evidence supports the administrative law judge's determination that Officer Kisfalvi had a reasonable belief that Weaver was driving while under the influence. When Officer Kisfalvi arrived at the scene of the accident, Weaver exhibited physical signs of intoxication; Weaver smelled strongly of alcohol, had watery bloodshot eyes, and slurred his speech when he spoke. Moreover, Weaver failed all of the sobriety tests administered by Officer Kisfalvi and refused to complete the walk-and-turn test. This evidence supports a reasonable belief that Weaver was intoxicated at the time of the accident, which occurred some time before Officer Kisfalvi's arrival on the scene.

That Weaver chose later to modify his story and testify at the hearing that when he returned home after the accident he consumed four or five shots of tequila and five or six beers has no impact upon the inquiry into the reasonableness of the officer's beliefs because this was not part of the information evaluated by Officer Kisfalvi at the scene. Importantly, the results of the blood test tend to verify that the officer's decision was reasonable since the test demonstrated that Weaver's blood alcohol level was .272,

---

[6]*State, Dep't Mtr. Veh. v. Bremer,* 113 Nev. 805, 809, 942 P.2d 145, 148 (1997).

[7]*Id.* (quoting *State, Dep't Mtr. Vehicles v. Vezeris,* 102 Nev. 232, 235, 720 P.2d 1208, 1211 (1986)).

[8]*Beavers,* 109 Nev. at 438, 851 P.2d at 434.

[9]114 Nev. 41, 45, 952 P.2d 958, 961 (1998).

almost three times the legal limit.[10] Thus, we conclude that the administrative law judge did not abuse her discretion in determining that when Officer Kisfalvi conducted the test he had reasonable grounds to believe that Weaver had been driving or in actual physical control of a vehicle while intoxicated.

### Shifting the burden of proof

Weaver contends on appeal that the administrative law judge improperly shifted the burden of proof by requiring him to prove that he had not consumed alcohol before driving his vehicle.[11] After Weaver's administrative hearing, he petitioned the district court for judicial review and complained about this issue. Consequently, the district court issued an order directing the administrative law judge to clarify her findings of fact and conclusions of law to determine if the burden was improperly shifted to Weaver at the administrative hearing.

In response, the administrative law judge clarified that there was no evidence in the record to show that Weaver had not drunk before the accident because "[n]either Petitioner nor his attorney stated that Petitioner had nothing to drink prior to driving and that the only alcohol Petitioner consumed was after the accident while at home." As a result, the administrative law judge based her determination to uphold the revocation of Weaver's license upon a consideration of "the individual credibility of each witness and the totality of the circumstances." Based upon these considerations, the administrative law judge concluded that

> The Petitioner was either not honest with the officer or he was not honest in the hearing. This Administrative Law Judge no-

---

[10]NRS 484.384.

[11]In the findings of fact and conclusions of law, the administrative law judge found that:

> While it may be true that Petitioner drank after the accident, he did not claim, much less establish, that he had nothing to drink prior to the accident. His blood alcohol concentration at the time of the test was 0.272. He initially told the officer he had two beers after the accident. In the hearing he testified he had five or six beers and four or five shots of tequila after the accident. The officer was dispatched at 10:25 p.m. and the blood draw occurred at 11:36 p.m. Petitioner did not establish what time the accident occurred or how long he had been drinking. Petitioner was present at the hearing and testified. He had the assistance of legal counsel. He could have attempted to provide corroborating evidence that he had nothing to drink prior to the accident if, in fact, that is his contention. Without corroborating evidence, Petitioner's presentation is insufficient to establish he had not consumed alcohol prior to the accident. The test results will stand.

ticed that, while Petitioner mentioned how much he drank at home after driving, there was absolutely no mention of what he did or did not drink prior to driving. This Administrative Law Judge was not requiring Petitioner to prove he had not consumed alcohol prior to driving . . . . Petitioner's failure or refusal to address that critical part weakened his credibility . . . .

. . . .

. . . This Administrative Law Judge weighed the testimony of the Petitioner against the testimony of the officer and the totality of the circumstances and concluded that it was not probable Petitioner drank only after driving, but that it was probable he drank before driving as well as afterward, especially considering the high blood alcohol concentration at the time of the test.

After reviewing the administrative law judge's clarification, the district court determined that the administrative law judge had not shifted the burden of proof to Weaver, and as a result, the district court denied Weaver's petition for judicial review. We agree with the district court. Accordingly, we uphold the district court's decision to deny Weaver's petition for judicial review.

In the instant case, we conclude that the administrative law judge did not shift the burden of proof. Instead, the administrative law judge merely determined that Officer Kisfalvi had reasonable grounds to administer the test. In addition, the administrative law judge allowed Weaver to present evidence that he had only drunk after driving. Unfortunately for Weaver, the administrative law judge determined that his testimony was not credible. Because substantial evidence in the record supports the administrative law judge's factual determination, we will not disturb her findings on appeal.[12]

---

[12]Weaver also argues that the administrative law judge applied the wrong standard of proof because she stated that it was more probable than not that Weaver drank before the accident when the appropriate standard of proof is that of substantial evidence. *Black's Law Dictionary* defines "probability" as "[l]ikelihood; appearance of reality or truth; reasonable ground of presumption; verisimilitude; consonance to reason." *Black's Law Dictionary* 1201 (6th ed. 1990). Nevada law defines substantial evidence as "that which 'a reasonable mind might accept as adequate to support a conclusion.'" *State, Emp. Security v. Hilton Hotels,* 102 Nev. 606, 608, 729 P.2d 497, 498 (1986) (quoting *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. Labor Board,* 305 U.S. 197, 229 (1938))). Therefore, the administrative law judge's statement reflects that she found the evidence to be more than substantial to support Officer Kisfalvi's decision to administer the blood alcohol test.

*Constitutionality of NRS 484.384*

Weaver summarily asserts that since a person might not ingest alcohol until after driving, NRS 484.384, which simply states that a driver's license must be revoked based on a 0.08 blood alcohol concentration, is necessarily overbroad and violates substantive due process. As this argument was raised only in Weaver's reply brief, we need not consider it.[13] We note, however, that the overbreadth doctrine has been applied only in the First Amendment context and, seemingly, in other cases involving fundamental constitutional rights.[14] Weaver understandably does not even suggest that retaining a driver's license is a fundamental right.

Weaver also dedicates a small paragraph in his reply brief to the notion that NRS 484.384 violates procedural due process by denying a driver the opportunity to show that he imbibed alcohol only after operating his vehicle. Again, we need not address this contention. Even so, we do conclude that procedural due process requires that individuals be permitted to submit evidence that they consumed alcohol only after driving. We have previously recognized that ''[t]he revocation of a driver's license implicates a protectable property interest entitling the license holder to due process.''[15] What constitutes adequate procedure varies depending on the circumstances of a particular case. More particularly, three factors articulated by the Supreme Court in *Mathews v. Eldridge*[16] determine whether a given procedure satisfies due process: (1) the private interest impacted by the government action; (2) the chance that the procedures used will result in an improper deprivation of the private interest, and the likely value of added procedural protections; and (3) the government's interest in the proceedings and the cost of additional procedural protections.

On prior occasions, this court has explained that ''drivers have a substantial interest in retaining their driving privileges, but that the governmental interest in keeping its highways safe is also substantial and important.''[17] Here, then, our focus is on the chance

---

[13]*Liggett v. State Indus. Ins. System,* 99 Nev. 262, 264, 661 P.2d 882, 883 (1983); *Ellison v. State,* 87 Nev. 4, 479 P.2d 461 (1971).

[14]*See* John F. Decker, *Overbreadth Outside the First Amendment,* 34 N.M. L. Rev. 53, 55-60 (2004); *see also* Michael C. Dorf, *Facial Challenges to State and Federal Statutes,* 46 Stan. L. Rev. 235, 261-76 (1994).

[15]*State, Dep't Mtr. Veh. v. Root,* 113 Nev. 942, 946, 944 P.2d 784, 786 (1997).

[16]424 U.S. 319 (1976).

[17]*Root,* 113 Nev. at 946, 944 P.2d at 786 (citing *State, Dep't Mtr. Vehicles v. Vezeris,* 102 Nev. 232, 236, 720 P.2d 1208, 1211 (1986)).

that by precluding evidence of post-driving alcohol consumption, an individual may be improperly deprived of his or her driver's license, and the cost of any additional procedural protections. As the risk of erroneous license revocation is significant under circumstances in which a driver may have consumed alcohol after operating a vehicle, but not before, and because the costs of allowing the driver to admit evidence of post-driving consumption are minimal, we conclude that drivers must be afforded an opportunity, during license revocation proceedings, to present evidence that they drank alcoholic beverages only after driving.

Other case law supports this conclusion. In *Sereika v. State,* this court addressed the constitutionality of NRS 484.379(1)(c).[18] That statute prohibited an individual from having a blood alcohol level of .10 or more within two hours after driving. Sereika argued the statute was unconstitutional because a person might not ingest alcohol until after driving but would still reach the prohibited blood alcohol level within the two-hour period prescribed by the statute.[19] We declined to address that argument because Sereika lacked standing to raise it. We did state, however, that we could "conceive of no rational basis for enforcement of NRS 484.379(1)(c)" in the scenario that Sereika hypothesized.[20]

We also note the significant distinction between our holding in this case and our decision in *State, Department of Motor Vehicles v. Hiatt.*[21] In that case, we determined that NRS 484.384 does not require proof that a driver's blood alcohol content exceeded the legal limit at the time of driving, only that it exceeded the legal limit within two hours of driving. Therefore, the statute did not create an impermissible and irrebuttable presumption that an individual's blood alcohol content exceeded the legal limit at the time of driving.[22] Moreover, we concluded that the revocation statute was rationally related to the compelling state interest in keeping alcohol-impaired drivers off the streets.[23]

In *Hiatt,* we addressed a situation wherein a driver consumed alcohol before driving but challenged whether his blood alcohol content levels exceeded the legal limit at the time of driving or had instead risen to such a level by the time of the blood test.[24] In contrast, in the instant case we address the factual situation where the driver maintains, albeit on appeal, that he only consumed alcohol

---

[18]114 Nev. 142, 955 P.2d 175 (1998).

[19]*Id.* at 150, 955 P.2d at 180.

[20]*Id.*

[21]112 Nev. 868, 920 P.2d 116 (1996).

[22]*Id.* at 870, 920 P.2d at 117.

[23]*Id.* at 871, 920 P.2d at 118.

[24]*Id.* at 869-70, 920 P.2d at 117.

after driving. Allowing a driver's license revocation in such a situation does nothing to further the state's interest in keeping intoxicated drivers off Nevada's roads and highways. Thus, we conclude that when an individual challenges the revocation of his or her license at an administrative hearing, that hearing must provide the opportunity for the driver to present evidence that he or she consumed alcohol only after driving.

After considering Weaver's argument, we conclude that the administrative law judge did not abuse her discretion in upholding the revocation of Weaver's driver's license. Accordingly, we affirm the district court's order denying Weaver's petition for judicial review.