An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EMPLOYERS INSURANCE COMPANY
OF NEVADA,
Appellant,
vs.
GUY SUNADA,
Respondent.

No. 63167

FILED

APR 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant Employers Insurance Company of Nevada terminated the temporary total disability (TTD) benefits of respondent Guy Sunada after respondent's treating physician opined that he could return to modified duty work with certain restrictions. The appeals officer reversed appellant's decision, however, finding respondent temporarily and totally disabled and, thus, entitled to ongoing TTD benefits. The appeals officer based his decision on Dr. Derek Duke's independent medical evaluation that opined as to the severity of respondent's condition and his need for surgery and further treatment, in addition to respondent's "significant reliance" on pain medication. The district court denied judicial review, and appellant appealed. We reverse.

Dr. Duke's evaluation did not address the period of disability or provide a description of any physical limitations or restrictions imposed on respondent's ability to work, see NRS 616C.475(7) (setting forth the requirements for a physician's certification of disability), and respondent concedes that his current status is "necessarily infer[red]" from Dr. Duke's evaluation, inasmuch as the evaluation does not expressly opine that he is

SUPREME COURT
OF
NEVADA

(O) 1947A

15-11555

unable to work. The only physician's opinion in the record that addressed respondent's work abilities is Dr. Patrick McNulty's May 31, 2011, evaluation, which opined that although respondent's condition "prevents him from definitely going back to work as a driver," respondent could return to "modified duty as per [his] previous long-term work restrictions." Because respondent's treating physician determined that respondent could return to modified duty, and because there is no other medical opinion in the record to the contrary, we conclude that substantial evidence does not support the appeals officer's determination that respondent was entitled to ongoing TTD benefits. *See* NRS 616C.475(5)(a) (explaining that TTD benefits must cease when a physician determines that the injured worker is physically capable of any gainful employment for which the employee is suited); *Nev. Indus. Comm'n v. Taylor*, 98 Nev. 131, 132-33, 642 P.2d 598, 599 (1982) (holding that when "[t]here was no competent medical authority contrary" to the injured worker's treating physician's opinion releasing him to work, TTD benefits must cease until competent medical authority determined otherwise). Accordingly, appellant properly terminated respondent's TTD benefits, and we reverse the district court's order denying the petition for judicial review. *See Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557, 188 P.3d 1084, 1087-88 (2008) (reviewing an appeals officer's fact-based conclusions of law for substantial evidence).

It is so ORDERED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Kathleen E. Delaney, District Judge
Janet Trost, Settlement Judge
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Shook & Stone, Chtd.
Eighth District Court Clerk