137 Nev., Advance Opinion 81

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LAS VEGAS REVIEW-JOURNAL, Appellant, vs. CITY OF HENDERSON, Respondent. | No. 81758 **FILED** DEC 23 2021 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY _____ DEPUTY CLERK |

Appeal from a district court order denying a motion for attorney fees and costs in a public records matter. Eighth Judicial District Court, Clark County; Trevor L. Atkin, Judge.

*Affirmed in part, reversed in part, and remanded.*

McLetchie Law and Margaret A. McLetchie and Alina M. Shell, Las Vegas, for Appellant.

Nicholas G. Vaskov, City Attorney, and Brandon P. Kemble and Brian R. Reeve, Assistant City Attorneys, Henderson; Bailey Kennedy and Dennis L. Kennedy, Sarah E. Harmon, and Andrea M. Champion, Las Vegas, for Respondent.

BEFORE THE SUPREME COURT, PARRAGUIRRE, STIGLICH, and SILVER, JJ.

21- 36613

## OPINION

By the Court, STIGLICH, J.:

The Nevada Public Records Act (NPRA) requires governmental bodies to make nonconfidential public records within their legal custody or control available to the public. Where a governmental body denies a public records request, the requester may apply to the court for an order compelling production. If the requester prevails, the requester may recover costs and reasonable attorney fees.

During the pendency of this dispute, this court adopted the catalyst theory to determine whether a requesting party prevails in such litigation when the governmental body ultimately provides the records without mandate by court order. Under the catalyst theory, the requesting party may be able to recover attorney fees when the defendant changes its behavior because of and as sought by the litigation. Here, appellant Las Vegas Review-Journal (LVRJ) requested records from respondent City of Henderson and filed suit to compel their production, but Henderson eventually produced the records without court mandate before the litigation reached its conclusion. LVRJ requested attorney fees, and the district court applied the catalyst theory in denying the request. The district court, however, misconstrued one of the factors in the catalyst-theory analysis and neglected to conduct more than a summary analysis of several other factors. Accordingly, we reverse the district court's order and remand for further proceedings consistent with our guidance herein on applying the catalyst theory.

## FACTUAL AND PROCEDURAL BACKGROUND

Litigation relating to this dispute has twice before reached this court. LVRJ submitted a public records request to Henderson under the NPRA for documents related to Henderson's use of a public relations firm. *Cf.* NRS 239.001. Henderson performed a search and determined that LVRJ's request encompassed approximately 70,000 pages of documents. Within five business days of LVRJ's request, Henderson responded that its search yielded a large set of documents and that it would need to review the documents for privilege and confidentiality before it could provide copies to LVRJ. Henderson requested a payment from LVRJ to cover the cost of the privilege review and requested a deposit of half of that sum before it would begin the privilege review.

LVRJ sought mandamus relief in district court, arguing that Henderson should be compelled to provide the records without payment of the privilege-review fee. After LVRJ filed the mandamus petition, Henderson reviewed the documents for privilege and permitted LVRJ to inspect the nonprivileged records while they litigated the privilege-review fee. Henderson provided a privilege log and ultimately provided copies of the records to LVRJ, except for those listed in the privilege log. The district court found that Henderson's actions satisfied its requirements under the NPRA, and LVRJ appealed. On appeal, LVRJ argued, among other claims, that the privilege log was insufficient and that it did not make clear whether the withheld documents were protected by the attorney-client, work-product, or deliberative-process privileges. This court disagreed as to the attorney-client- and work-product-protected documents but agreed that the district court should have balanced whether Henderson's interest in nondisclosure clearly outweighed the public's interest in accessing the

deliberative-process-privileged documents, and we remanded to the district court to conduct this analysis. *Las Vegas Review-Journal v. City of Henderson*, No. 73287, 2019 WL 2252868 (Nev. May 24, 2019) (Order Affirming in Part, Reversing in Part, and Remanding). Thereafter, before the court addressed the issue on remand, Henderson voluntarily disclosed the 11 documents that it had withheld pursuant to the deliberative-process privilege.

Meanwhile, the district court resolved LVRJ's pending motion for attorney fees, granting it in part after concluding that LVRJ prevailed in accessing records from Henderson. Henderson appealed, and LVRJ cross-appealed, as the district court awarded less than LVRJ had sought. This court observed that LVRJ had not prevailed as to its request for the records withheld pursuant to the deliberative-process privilege because that issue had been remanded to the district court to resolve. *City of Henderson v. Las Vegas Review-Journal*, No. 75407, 2019 WL 5290874 (Nev. Oct. 17, 2019) (Order of Reversal). We further observed that this court affirmed the district court's denials of LVRJ's other claims and concluded that the district court therefore erred in finding that LVRJ was a prevailing party. *Id.*; *cf. Las Vegas Review-Journal*, 2019 WL 2252868. Accordingly, we reversed the district court's partial award of attorney fees. *City of Henderson*, 2019 WL 5290874.

Subsequently, this court issued *Las Vegas Metropolitan Police Department v. Center for Investigative Reporting, Inc.*, 136 Nev. 122, 460 P.3d 952 (2020) (*CIR*), concluding that whether a party prevails and may recover attorney fees in a public records matter that has not proceeded to final judgment is determined by the catalyst theory. LVRJ amended its request for attorney fees and argued that it was entitled to recovery as the

prevailing party under the catalyst theory. The district court found that the law-of-the-case doctrine barred LVRJ from seeking prevailing-party fees on any claims besides those related to the deliberative-process privilege, concluded that LVRJ likewise was not a prevailing party for the 11 documents withheld under the deliberative-process privilege, and denied the motion. This appeal followed.

## DISCUSSION

As a preliminary matter, LVRJ argues that the district court erred when it limited the scope of attorney fees that may be recoverable to LVRJ's efforts to obtain the 11 deliberative-process-privilege documents. LVRJ argues that it was entitled to recover its fees relating to its efforts to access the broader set of requested records because its litigation was the catalyst for their disclosure. Henderson argued below that the law of the case precluded LVRJ from seeking recovery for the larger universe of records because this court concluded that LVRJ was not the prevailing party on any of its claims related to those documents. *Cf. City of Henderson*, 2019 WL 5290874. The district court agreed and denied LVRJ's request for attorney fees for these efforts, concluding that the law of the case was dispositive. LVRJ did not challenge application of the law-of-the-case doctrine below or in its opening brief, addressing the issue for the first time in its reply brief. Accordingly, we conclude that LVRJ waived the issue and decline to consider it. *See Weaver v. State, Dep't of Motor Vehicles*, 121 Nev. 494, 502, 117 P.3d 193, 198-99 (2005) (providing that issues raised for the first time in an appellant's reply brief need not be considered). Accordingly, we affirm the district court's order to the extent that it concluded the law-of-the-case doctrine limited the scope of attorney fees for which LVRJ could seek recovery.

*The district court abused its discretion in its catalyst-theory analysis*

LVRJ next argues that the district court misapplied the catalyst theory when it denied LVRJ attorney fees and costs. "[A]ttorney fees may not be awarded absent a statute, rule, or contract authorizing such award." *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006). NRS 239.011(2) provides that a prevailing party may recover costs and attorney fees. "A party prevails if it succeeds on *any significant issue* in litigation which achieves some of the benefit it sought in bringing suit." *Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev. 80, 90, 343 P.3d 608, 615 (2015) (internal quotation marks omitted). Generally, an action must have proceeded to final judgment for a party to have prevailed. *Dimick v. Dimick*, 112 Nev. 402, 404, 915 P.2d 254, 256 (1996). Whether a party prevails in a public records matter that ultimately is resolved outside the court is determined by application of the catalyst theory. *CIR*, 136 Nev. at 127-28, 460 P.3d at 957. "Under the catalyst theory, a requester prevails when its public records suit causes the governmental agency to substantially change its behavior in the manner sought by the requester, even when the litigation does not result in a judicial decision on the merits." *Id.* at 128, 460 P.3d at 957. In assessing whether a requester prevailed under the catalyst theory, the district court must consider

> (1) when the documents were released, (2) what actually triggered the documents' release, ... (3) whether [the requester] was entitled to the documents at an earlier time. Additionally, the district court should take into consideration [4] whether the litigation was frivolous, unreasonable, or groundless, and [5] whether the requester reasonably attempted to settle the matter short of litigation by notifying the

> governmental agency of its grievances and giving the agency an opportunity to supply the records within a reasonable time.

*Id.* at 128, 460 P.3d at 957-58 (internal quotation marks and citation omitted). We clarify that consideration of these factors is mandatory. *Cf. O'Connell v. Wynn Las Vegas, LLC*, 134 Nev. 550, 554, 429 P.3d 664, 668 (Ct. App. 2018) (observing that consideration of the *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983), factors is mandatory in considering whether to award fees pursuant to NRCP 68). Whether attorney fees are warranted is a fact-intensive inquiry. *Wynn v. Smith*, 117 Nev. 6, 13, 16 P.3d 424, 428 (2001). We review an award of attorney fees for an abuse of discretion. *Thomas*, 122 Nev. at 90, 127 P.3d at 1063. An abuse of discretion can occur when the district court bases its decision on a clearly erroneous factual determination or disregards controlling law. *Blackjack Bonding*, 131 Nev. at 89, 343 P.3d at 614. While the failure to enter explicit findings of each factor is not necessarily an abuse of discretion, specific findings are strongly encouraged, and the record must demonstrate that the district court properly considered each of the required factors. *See Wynn*, 117 Nev. at 13, 16 P.3d at 428-29 (discussing fee awards pursuant to offers of judgment).

We conclude that the district court abused its discretion in its catalyst-theory analysis, as the court misconstrued the fifth *CIR* factor and neglected to show that it appropriately considered several other factors.

In its fifth factor, *CIR* requires the district court to consider "whether the requester reasonably attempted to settle," *CIR*, 136 Nev. at 128, 460 P.3d at 957-58, yet the district court found that Henderson "made more efforts" to settle than did the request-receiving party in *CIR*. The district court thus incorrectly examined whether the *government* made an

SUPREME COURT
OF
NEVADA

(O) 1947A

attempt to settle, not whether the *requester* did so, as *CIR* directs. This inverted the analysis that the factor requires and, by not considering requester LVRJ's efforts to settle the dispute, frustrated the purpose of the catalyst-theory analysis. Here, the record reflects that LVRJ did not make a reasonable attempt to settle. LVRJ refused to receive Henderson's calls, return Henderson's messages, or confer with Henderson to refine the search terms for the public-records request. LVRJ's rush to litigation is precisely the type of conduct this court sought to discourage. *CIR*, 136 Nev. at 128, 460 P.3d at 957 (noting that this court adopted the *CIR* factors to "alleviate concerns that the catalyst theory will encourage requesters to litigate their requests in district court unnecessarily"). LVRJ's lack of settlement efforts raises doubts about whether its litigation triggered the release of the 11 deliberative-process-privilege documents and whether the litigation was frivolous (the second and fourth *CIR* factors). Had the district court properly construed this factor, it would have been better able to determine whether LVRJ's litigation was the catalyst for the disclosure of the documents initially withheld pursuant to the deliberative-process privilege.

LVRJ argues that the fifth factor should receive the least weight. LVRJ argues that the foreign authorities *CIR* discusses operate in the context of distinguishable statutory bases. We decline the invitation to reconsider the doctrine that we adopted in *CIR* on this basis. We stated no such limitation when we adopted the catalyst theory in *CIR*, and we decline to modify the standard in this way or direct district courts to apply greater or lesser weight to any of the factors in all instances, regardless of the nuances that specific circumstances may present.

The district court also failed to correctly make adequate findings concerning the second, third, and fourth *CIR* factors, failed to balance them against each other, and thus further misapplied *CIR*. Although the district court stated the second and third factors and the parties' respective positions, it did not seriously engage with those factors. It ultimately summarily concluded that LVRJ was not a prevailing party because the circumstances were distinguishable from those in *CIR*.[1] Even though the catalyst theory tasked the district court with determining whether there was "a factual causal nexus between" LVRJ's litigation and Henderson providing the 11 documents, *CIR*, 136 Nev. at 127, 460 P.3d at 957 (internal quotation marks omitted), the district court's order carries none of the hallmarks of the fact-intensive inquiry this requires. In not considering specific facts relevant to each factor, the district court's order does not provide any guidance as to whether a given factor supported the conclusion that LVRJ did not prevail. And without considered discussion of these factors, this court is unable to review why the district court concluded, after purporting to balance these factors, that LVRJ was not the prevailing party. *See Davis v. Ewalefo*, 131 Nev. 445, 450, 352 P.3d 1139, 1142 (2015) (providing that we do not defer "to findings so conclusory they may mask legal error"); *Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1050, 881 P.2d 638, 643 (1994) ("It is difficult at best for this court to review claims of error in the award of such fees where the courts have failed to memorialize, in succinct terms, the justification or rationale for the awards.").

---

[1]The district court appropriately considered the first factor—when the documents were made available—by finding that Henderson voluntarily released the 11 deliberative-process-privilege documents two years after LVRJ filed its NPRA action.

The second *CIR* factor requires a "causal nexus between the litigation and the voluntary disclosure or change in position by the Government." *CIR*, 136 Nev. at 128, 460 P.3d at 957 (quoting *First Amendment Coal. v. U.S. Dep't of Justice*, 878 F.3d 1119, 1128 (9th Cir. 2017)). "[T]hat information sought was not released until after the lawsuit was instituted is insufficient to establish that the requester prevailed." *CIR*, 136 Nev. at 128, 460 P.3d at 957 (internal quotation marks omitted). Accordingly, the district court was obligated to find whether the litigation actually caused the disclosure of the contested 11 documents or whether Henderson would have produced them absent LVRJ's suit.

The third *CIR* factor required the court to determine whether LVRJ was entitled to receive the documents at an earlier time. This required reviewing the merits of Henderson's claim that the documents were protected by the deliberative-process privilege, even though, by that time, the documents had been provided. *See id.* at 129, 460 P.3d at 958.

While the district court made a factual determination for the fourth CIR factor, its reasoning was clearly erroneous. The fourth factor considers whether the requester brought a frivolous suit. *Id.* at 128, 460 P.3d at 957. Here, the district court concluded that LVRJ's suit was not frivolous because this court did not deem it so in the previous two appeals to this court. The district court's reliance on this court's silence was misplaced, as we did not consider frivolousness in the earlier appeals. *See Toissant v. McCarthy*, 801 F.2d 1080, 1092 n.10 (9th Cir. 1986) (concluding the argument that "the Court's silence indicates approval" or disapproval "seriously misapprehends the nature of judicial opinion"), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472, 482-84 (1995). Thus,

the district court failed to enter findings showing that it conducted a searching inquiry of the facts relevant to this factor.

Accordingly, we conclude that the district court abused its discretion by failing to show that it appropriately considered and weighed the *CIR* factors in reaching its conclusion. Therefore, the district court's order is reversed, and we remand for the limited purpose of analyzing all of the catalyst-theory factors and making proper findings as to this subset of 11 documents. The district court must then balance the catalyst-theory factors to determine whether LVRJ's litigation properly was "the catalyst" and thus LVRJ is the prevailing party with regard to those documents.

## CONCLUSION

Public records requests present a particular context in which attorney fees and costs may be warranted even though the matter never reaches a final judicial disposition. To resolve when such an award may be appropriate, this court adopted the catalyst theory. As in other attorney-fee contexts, this analysis requires closely scrutinizing the facts specific to the circumstances and entering findings showing that the court has duly considered the mandatory factors. The district court's order here contains summary statements of several factors and misstates another. On this basis, our ability to review the soundness of the district court's disposition is severely hindered. Accordingly, we conclude that the district court abused its discretion in applying the catalyst theory. We need not reach

SUPREME COURT
OF
NEVADA

(O) 1947A

LVRJ's claim that the district court improperly limited the scope of the efforts for which it was permitted to seek recovery of attorney fees, which LVRJ raised for the first time in its reply brief. We affirm the district court's order insofar as it denied attorney fees based on obtaining documents other than the 11 subject to the deliberative-process-privilege analysis, reverse the remaining portion of the district court's order concerning fees related to those 11 documents, and remand for further proceedings consistent with this opinion.

_____, J.
Stiglich

We concur:

_____ J.
Parraguirre

_____, J.
Silver